325 F.3d 1165
 NATIONAL ASSOCIATION OF HOME BUILDERS; Southern Arizona Home Builders Association; Home Builders Association of Central Arizona, Plaintiffs-Appellants,
Defenders of Wildlife; Southwest Center for Biodiversity; Friends of the Owls; Peter Galvin, Intervenors-Appellees,
v.
Gale A. NORTON; Jamie Rappaport Clark; Fish and Wildlife Service, Defendants-Appellees.
 No. 02-15212.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 2003.
 Filed April 11, 2003.
 
 Norman D. James, Fennemore Craig, Phoenix, AZ, for the plaintiffs-appellants.
 Jeffrey R. Keohane, U.S. Department of Justice, Environment & Natural Resources Division, Washington, D.C., for the defendants-appellees.
 Michael P. Senatore, Defenders of Wildlife, Washington, D.C., for the intervenors-appellees.
 Appeal from the United States District Court for the District of Arizona; Susan R. Bolton, District Judge, Presiding. D.C. No. CV 00-903 SRB.
 Before NOONAN, TASHIMA, and WARDLAW, Circuit Judges.
 
 ORDER
 
 1
 In this action, plaintiffs challenged the actions of the Secretary of the Interior, acting through the Fish and Wildlife Service ("FWS"), (1) listing the distinct population segment ("DPS") of the cactus ferruginous pygmy owl in southern Arizona as an endangered species, pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, et seq., and (2) designating the critical habitat for the pygmy owl DPS, also under the ESA. The district court upheld the listing, but (at the suggestion of the FWS) remanded the critical habitat designation to the FWS for further consideration. The district court entered judgment on its listing decision on December 13, 2001. Plaintiffs eventually secured a certification from the district court under Federal Rule of Civil Procedure 54(b), certifying the December 13 judgment as a final judgment.[1] We asked for supplemental briefing on two, related issues: whether the affirmance of a listing decision is a final judgment such that a Rule 54(b) certification is not required, even though the district court retains jurisdiction over the habitat designation and remands it to the agency; and (2) if not a final judgment, whether the certification in this case was sufficient to meet the requirements of Rule 54(b). We now remand to the district court.
 
 
 2
 First, we conclude that, absent a Rule 54(b) certification, the listing decision, in the circumstances of this case, is not a final judgment. Although the listing decision and the habitat designation were not concurrently made by the FWS, plaintiffs nonetheless challenged them as a single action. Moreover, the administrative records overlap in that the listing record is included as a part of the designation record. Finally, the district court expressly "retain[ed] jurisdiction to ensure that any future designation of critical habitat" was "consistent" with its prior ruling.[2] At oral argument, the parties agreed that it was highly likely that the critical habitat designation will again be before the district court for judicial review after the completion of further proceedings before the FWS on remand. In these circumstances, we conclude that a Rule 54(b) certification is required. Cf. Bldg. Indus. Ass'n v. Norton, 247 F.3d 1241, 1243-44 (D.C.Cir.2001), cert. denied, 534 U.S. 1108, 122 S.Ct. 913, 151 L.Ed.2d 879 (2002). This comports with our general rule that "remand orders are not considered final." Chugach Alaska Corp. v. Lujan, 915 F.2d 454, 457 (9th Cir.1990). Thus, in this case, a proper Rule 54(b) certification is required for appellate jurisdiction to be asserted.
 
 
 3
 Here, the parties now agree that the district court's initial certification was plainly deficient, because "[i]t never made a requisite `express determination that there is no just reason for delay.'" Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985) (quoting Fed.R.Civ.Proc. 54(b)). We say "initial certification" because, upon receiving our order for supplemental briefing on the jurisdictional issue, plaintiffs returned to district court on an ex parte basis and procured a second Rule 54(b) certification. Assuming that the second certification, which we treat as a purported amended certification, would be sufficient to cure the deficiency in the initial certification, the question remains whether the district court had jurisdiction to entertain the second request for certification.
 
 
 4
 As a general rule, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." Natural Res. Defense Council v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir.2001) (citations omitted). One reason for this rule is to "avoid the confusion that would ensue from having the same issues before two courts simultaneously." Id. (citations omitted). Confusion is exactly what results when the district court purports to amend a Rule 54(b) certification order whose sufficiency is then under consideration by the appellate court. For this reason, we decline to extend the Kersh exception, 804 F.2d at 547 n. 1 (district court retains jurisdiction to issue a Rule 54(b) certification after a notice of appeal is filed), to a second or subsequent attempt to cure a Rule 54(b) deficiency, when the issue of the sufficiency of the first certification is already before us. Thus, we conclude that the district court did not have jurisdiction to enter the second Rule 54(b) certification. We therefore need not pass upon its sufficiency.
 
 
 5
 We do accept the second certification, however, as a Crateo indication that the district court is willing favorably to entertain a motion to certify its listing judgment as a final judgment under Rule 54(b). See Crateo, Inc. v. Intermark, Inc. (In re Crateo), 536 F.2d 862, 869 (9th Cir.1976).
 
 
 6
 This matter is therefore remanded to the district court for the limited purpose of its granting or denying plaintiffs' motion for a Rule 54(b) certification. In making its determination, the district court should address how separation of judgment on the listing from judgment on the habitat complies with the statutory direction, 16 U.S.C. § 1533(a)(3)(A), that the listing and habitat determinations shall be made concurrently. Said motion shall be made promptly and, in no event, more than 21 days after the entry of this order. The district court is requested to rule on said motion promptly. This panel shall retain jurisdiction over this appeal. A certified copy of this order shall serve as the mandate of limited remand.
 
 
 
 Notes:
 
 
 [1]
 Although a notice of appeal had already been filed, the district court had jurisdiction to enter aninitial Rule 54(b) certification. Kersh v. Gen. Council of the Assemblies of God, 804 F.2d 546, 547 n. 1 (9th Cir.1986).
 
 
 [2]
 In fact, just three weeks before oral argument, the district court extended the time within which the FWS must complete its proceedings on remand