**In re OPERATION OF THE MIS-SOURI RIVER SYSTEM LITIGATION**

No. 1555.

Judicial Panel on Multidistrict Litigation.

Aug. 12, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER OPINION*

WILLIAM TERRELL HODGES, Chairman.

This litigation originally consisted of seven actions listed on the attached Schedule A and pending in four districts as follows: two actions each in the District of Nebraska, the District of North Dakota and the District of South Dakota, and one action in the District of District of Columbia. The State of Nebraska which, inter alia, was the plaintiff in one of the District of Nebraska actions, moved the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Nebraska. The nine plaintiffs in the other District of Nebraska action (*Blaske Marine*) and the federal government defendants variously named in the MDL–1555 actions supported centralization, though only the *Blaske Marine* plaintiffs also supported selection of the Nebraska forum. The federal defendants submitted that it would be best to have a transferee judge who had not made a ruling in favor of a party from that judge's home state. They therefore suggested the District of Minnesota as an alternative forum still within the jurisdiction of the Court of Appeals for the Eighth Circuit, the appropriate court, in the federal defendants' opinion, to resolve appeals affecting water rights in Missouri River Basin states. Opposed to centralization were i) the North Dakota governmen-

tal parties that were the plaintiffs in the two District of North Dakota actions; ii) the conservation groups that were plaintiffs in the District of District of Columbia action; iii) the Montana governmental party who was a defendant in the *Blaske Marine* action; and iv) the State of Missouri, which had intervened in the first filed District of Nebraska action and the District of District of Columbia action. In the event the Panel determined to order centralization over their objections, then all of these transfer opponents except Missouri favored selection of the District of District of Columbia as transferee forum, as would the South Dakota governmental parties in the first filed District of South Dakota action, who otherwise took no position on the question of Section 1407 transfer. Missouri favored the District of Nebraska. Lastly, the tribal plaintiffs in the remaining District of South Dakota action (*Lower Brule*) neither supported nor opposed Section 1407 transfer, except to the extent that it would impede their ability to implement a recent settlement agreement which they had reached in the action.

On July 24, 2003, following oral argument held that same day on the Section 1407 transfer motion, the Panel issued an order centralizing six of the seven actions on Schedule A in the District of Minnesota before the Honorable Paul A. Magnuson for coordinated or consolidated pretrial proceedings. The Panel stated in its transfer order that this opinion would follow.

■ In ordering centralization of six of the seven MDL–1555 actions the Panel was persuaded that the six actions involved common questions of fact, and that centralization would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel excluded the District of South Dakota *Lower Brule* tribal action from Section 1407 transfer because it ac-cepted the parties' declaration that a settlement had been reached in the action and that implementation of the settlement would not affect the interests of the other MDL–1555 parties that were not involved in the tribal action. Common to all six of the remaining actions were questions concerning the conduct of the United States Army Corps of Engineers (the Corps) *vis-a-vis* the flow of the Missouri River. The Panel determined that centralization of those six actions under Section 1407 was necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to requests for preliminary injunctive relief imposing or threatening to impose conflicting standards of conduct on the Corps in its operation of its Missouri River dam and reservoir system), and conserve the resources of the parties, their counsel and the judiciary.

■ The Panel also determined that the core disputes in this litigation primarily affect parties and interests located in the Eighth Circuit, and that the District of Minnesota in that circuit was an appropriate forum for this litigation. We note that given the distribution of the parties and actions in this docket, the Minnesota forum is an accessible and geographically convenient district equipped with the resources that this complex docket is likely to require.

## SCHEDULE A

*MDL–1555—In re Operation of the Missouri River System Litigation*

*District of District of Columbia*
*American Rivers, et al. v. United States Army Corps of Engineers, et al.,* C.A. No. 1:03–241

*District of Nebraska*
*State of Nebraska ex rel. Don Stenberg v. Kurt F. Ubbelohde, et al.,* C.A. No. 8:02–217

*Blaske Marine, Inc., et al. v. Gale A. Norton, et al.,* C.A. No. 8:03–142

*District of North Dakota*
*State of North Dakota, et al. v. Kurt F. Ubbelohde, et al.,* C.A. No. 1:02–59
*State of North Dakota, et al. v. United States Army Corps of Engineers, et al.,* C.A. No. 1:03–50

*District of South Dakota*
*State of South Dakota, et al. v. Kurt F. Ubbelohde, et al.,* C.A. No. 3:02–3011
*Lower Brule Sioux Tribe, et al. v. Donald H. Rumsfeld, et al.,* C.A. No. 3:02–3014