**In re AREDIA AND ZOMETA PRODUCTS LIABILITY LITIGATION**

No. 1760.

Judicial Panel on Multidistrict Litigation.

April 18, 2006.

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN,* Judges of the Panel.

### TRANSFER ORDER

JOHN F. KEENAN, Acting Chairman.

This litigation currently consists of fifteen actions pending in the Eastern District of New York, fifteen actions in the Southern District of New York, four ac-

* Judges Hodges, Motz and Hansen took no part in the decision of this matter.

tions in the Middle District of Tennessee and one action in the Western District of Oklahoma, as listed on the attached Schedules A and B.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiff in one Eastern District of New York action for coordinated or consolidated pretrial proceedings of all actions in the Eastern District of New York or the Southern District of New York. Moving plaintiff avers that plaintiffs in the other actions and potential tag-along actions in those two districts support the motion. Plaintiffs in at least four additional potential tag-along actions pending, respectively, in four districts[2] also support the motion. All defendants—Novartis Pharmaceuticals Corp. (Novartis), Merck & Co., Inc. (Merck), Procter & Gamble Pharmaceuticals, Inc. (P & G), and sanofi-aventis U.S. LLC (Aventis)—oppose the motion. Plaintiffs in the four Middle District of Tennessee actions and a Northern District of Florida potential tag-along action also oppose the motion. In the event the Panel orders centralization over their objections, these plaintiffs and defendant Novartis would support centralization in the Middle District of Tennessee.

◼ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation listed on Schedule A involve common questions of fact, and that their centralization under Section 1407 in the Middle District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Schedule A actions assert claims against Novartis arising from ingestion of Aredia and/or Zometa, prescription medications used in the treatment of cancer.

Specifically, these actions present complex common factual questions concerning, among other things, 1) the development, testing, manufacturing and marketing of the two Novartis drugs, and 2) Novartis's knowledge concerning their alleged adverse effects, in particular, the potential for each drug to cause osteonecrosis of the jaw. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

◼ The Panel further finds that centralization of the actions listed on Schedule B would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation at this time. Four of these actions are brought solely against Merck and concern its drug Fosamsax. The fifth action, which involves the drug Actonel, is brought against P & G and Aventis. Both Actonel and Fosamax, so-called oral bisphosphonates, are used in the prevention or treatment of osteoporosis and are available without prescription. Movants have failed to persuade us that any common questions of fact between the actions against Novartis and the actions against the other defendants are sufficiently numerous to justify Section 1407 transfer of the latter group. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth* § 20.14 (2004). For the same reasons, the Panel is persuaded that claims

---

**1.** The Panel has been notified of 35 related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, 34 of these actions will be treated as potential tag-along actions. *See* Rules 7.4 and

7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

**2.** Middle District of Florida, Middle District of North Carolina, Northern District of Ohio, and Western District of Texas.

against Merck in three Schedule A actions[3] do not share sufficient questions of fact with the claims against Novartis in those actions to warrant inclusion in the MDL–1760 proceedings.

■ We conclude that the Middle District of Tennessee is an appropriate transferee forum for this litigation. The Middle District of Tennessee has 1) pending actions, including putative nationwide class actions, in which pretrial matters have been proceeding; and 2) the endorsement of some plaintiffs and the common defendant, in the alternative. Furthermore, centralization in this forum permits the Panel to effect the Section 1407 assignment to a suggested transferee district that is currently handling few other multidistrict litigation dockets.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Tennessee are transferred to the Middle District of Tennessee and, with the consent of that court, assigned to the Honorable Todd J. Campbell for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

IT IS FURTHER ORDERED that claims against Merck in the three Southern District of New York actions listed in footnote 3 are simultaneously separated and remanded to the Southern District of New York.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, transfer is denied with respect to the actions listed on Schedule B.

IT IS FURTHER ORDERED that this docket, originally named MDL–1760—*In re Bisphosphonate Drugs Products Liabil-*

ity Litigation, is renamed as follows: MDL–1760—*In re Aredia and Zometa Products Liability Litigation.*

## SCHEDULE A

MDL–1760—*In re Aredia and Zometa Products Liability Litigation*

*Eastern District of New York*

*Zena Biocca v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–170

*Linda H. Johnson v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–176

*Mindy J. Knopf v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–188

*John Bartoli v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–189

*Margaret Cartelli v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–191

*Elaine Guilbeau v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–192

*Michel Hendrix v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–194

*Glenn Hiller v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–195

*Victor Kalily v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–196

*K. Thomas Punnose v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–199

*Loretta Gee v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–257

*Runette Champion v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–258

*Mayra Martinez v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–259

*Karlene Hogan, etc. v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–260

*Arlene Perkins v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–261

*Southern District of New York*

*Helen E. Shrum v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–363

---

**3.** *Shirley Grizzle v. Novartis Pharmaceuticals Corp., et al.,* S.D. New York, C.A. No. 1:06–366; *Burdette Burt v. Novartis Pharmaceuticals Corp., et al.,* S.D. New York, C.A. No.

1:06–368; and *Jack Cuthbert v. Novartis Pharmaceuticals Corp., et al.,* S.D. New York, C.A. No. 1:06–387.

*Nancy Radin v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–364

*Shirley Grizzle v. Novartis Pharmaceuticals Corp., et al.,* C.A. No. 1:06–366

*Patsy Carter v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–367

*Burdette Burt v. Novartis Pharmaceuticals Corp., et al.,* C.A. No. 1:06–368

*Jacqueline Wilson v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–369

*Gary Fry v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–370

*Linda Wallace v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–371

*Charles Ulatowski v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–373

*Gary Stevens v. Novartis Pharmaceuticals Corp.,* C.A. No. 1:06–374

*Jack Cuthbert v. Novartis Pharmaceuticals Corp., et al.,* C.A. No. 1:06–387

*Western District of Oklahoma*

*Linda Ingram, etc. v. Novartis Pharmaceuticals Corp.,* C.A. No. 5:05–913

*Middle District of Tennessee*

*Angela Wood, et al. v. Novartis Pharmaceuticals Corp.,* C.A. No. 3:05–716

*Terry Anderson, et al. v. Novartis Pharmaceuticals Corp.,* C.A. No. 3:05–718

*Susan Becker, et al. v. Novartis Pharmaceuticals Corp.,* C.A. No. 3:05–719

### SCHEDULE B

*MDL–1760—In re Aredia and Zometa Products Liability Litigation*

*Southern District of New York*

*Margaret Peggy Harth v. Merck & Co., Inc.,* C.A. No. 1:06–361

*Ramon L. Harrison v. Merck & Co., Inc.,* C.A. No. 1:06–365

*Suzanne Dengel v. Merck & Co., Inc.,* C.A. No. 1:06–372

*Lena Simmons v. Proctor & Gamble Pharmaceuticals, Inc., et al.,* C.A. No. 1:06–454

*Middle District of Tennessee*

*Gwendolyn Wolfe, et al. v. Merck & Co., Inc.,* C.A. No. 3:05–717