**T.L. QUACH, Plaintiff–Appellant,**

v.

**Gilbert CROSS; et al., Defendants–Appellees.**

**No. 04–56108.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 26, 2006.

Filed Jan. 4, 2007.

Stephen Yagman, Esq., Yagman & Yagman & Reichmann & Bloomfield, Venice, CA, for Plaintiff–Appellant.

Cal P. Saunders, Compton City Attorney, Compton, CA, for Defendants–Appellees.

Before: BRIGHT *, TASHIMA, and BEA, Circuit Judges.

## ORDER

In No. 04–56108, Plaintiff T.L. Quach appeals the district court's June 15, 2004, memorandum and order dismissing with prejudice the First Amended Complaint for failure to state a claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq.* This action is consolidated with No. 05–55090, in which Quach appeals the district court's December 6, 2004, memorandum and order setting aside the defaults of certain defendants and dismissing the complaint as to those defendants.

We note that neither party moved the district court to certify its June 15, 2004, decision as appealable under Fed.R.Civ.P. 54(b). Absent Rule 54(b) certification, the present appeal may be subject to dismissal as an appeal from a nonfinal decision. *See* 28 U.S.C. § 1291; *American States Ins. Co. v. Dastar Corp.,* 318 F.3d 881, 884 (9th Cir.2003). We order a limited remand of No. 04–56108 to the district court for its consideration as to whether the June 15, 2004, decision should be certified as an appealable final judgment under Rule 54(b). *See, e.g., National Ass'n of Home Builders v. Norton,* 325 F.3d 1165, 1168

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

(9th Cir.2003), *opinion after limited remand,* 340 F.3d 835, 840 (Tashima, J.). An order containing a Rule 54(b) certification is sufficient to validate a prematurely filed notice of appeal if neither party is prejudiced. *See Aguirre v. S.S. Sohio Intrepid,* 801 F.2d 1185, 1189 (9th Cir.1986). We find that neither party would be prejudiced by a Rule 54(b) certification entered on limited remand. On limited remand, the district court should make an express determination whether there is no just reason for delay. *See* Fed.R.Civ.P. 54(b).

No. 05–55090 will be stayed pending the resolution of No. 04–56108. The panel will retain jurisdiction over these appeals. A certified copy of this order shall serve as the mandate of limited remand.

It is so ordered.

TASHIMA, Circuit Judge, dissenting:

I dissent from the order remanding this case to the district court two and one-half years after the appeal was taken, for that court to consider "whether [its] decision should be certified as an appealable final judgment under Rule 54(b)," so as to make the order appealed from arguably appealable.

We have been quick to chastise the parties when they have attempted to "manipulate our appellate jurisdiction." *Am. States Ins. Co. v. Dastar Corp.,* 318 F.3d 881, 885 (9th Cir.2003). Yet, that is exactly what the majority is attempting to do with this order. Our obligation is to accept the case as it comes to us from the district court and to decide the case on that record. None of the cases cited in the order suggests any rule to the contrary.[1]

Keeping in mind that a Rule 54(b) certification is discretionary, and that nothing appears in the record to support certification at this late date, I would not remand the case, but would decide it on the record now before us.

---

1. *Nat'l Ass'n of Home Builders v. Norton,* 325 F.3d 1165 (9th Cir.2003), relied on by the majority, is unlike this case in that there the district court granted a Rule 54(b) certification on the parties' motion, albeit a deficient one, and our limited remand was to permit the court to correct that deficiency. *See also Nat'l Assn. of Home Builders v. Norton,* 340 F.3d 835, 840 (9th Cir.2003) (holding that subsequent re-certification after remand was sufficient).