In re TRI–STATE WATER
RIGHTS LITIGATION

No. MDL–1824.

Judicial Panel on Multidistrict Litigation.

March 20, 2007.

Before WM. TERRELL HODGES,* Chairman, D. LOWELL JENSEN,* J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

* Judges Hodges and Jensen took no part in the decision of this matter.

## TRANSFER ORDER

MOTZ, Acting Chairman.

This litigation consists of four actions listed on Schedule A as follows: two actions in the Northern District of Georgia and one action each in the Northern District of Alabama and the Northern District of Florida. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by the Georgia Water Supply providers [1] seeking centralization of these four actions for coordinated or consolidated pretrial proceedings in a neutral forum. Movants suggest the District of District of Columbia as the transferee district. Plaintiff State of Georgia in the two Northern District of Georgia actions supports this motion. The United States Army Corps of Engineers (the Corps), the United States Fish and Wildlife Service (the Service) and individuals affiliated with both entities argue that centralization is critical and support selection of District of District of Columbia or, alternatively, suggest selection of the Northern District of Alabama as transferee district. Plaintiff State of Alabama (Alabama) and intervenor plaintiffs in the Alabama action—The Alabama Power Co. and the Waterworks and Sanitary Sewer Board of the City of Montgomery, Alabama (Montgomery Board)—oppose centralization. Plaintiff State of Florida (Florida) opposes inclusion of the Northern District of Florida action in any MDL–1824 proceedings. If the Panel deems centralization appropriate, Alabama and the Montgomery Board support selection of the Northern District of Alabama as transferee district, while Florida supports selection of any district other than the District of District of Columbia as transferee district. If the Panel deems the District of Columbia court to be an appropriate transferee district, Florida requests that a judge other than the one assigned to the related action [2] in that district be selected as transferee judge. District of District of Columbia plaintiff Southeastern Federal Powers Customers, Inc., opposes inclusion of its action in any Section 1407 proceedings, because *Power Customers* has been settled and appeals of this settlement are now before the Court of Appeals for the District of Columbia Circuit.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Common to all four actions remaining in district courts are questions concerning the conduct of the Corps *vis-a-vis* the flow of water in the Apalachicola–Chattahoochee–Flint (ACF) River basin and/or the role of the Service which impacts the Corps's conduct. Centralization of these actions under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to potential requests for imposing conflicting standards of conduct on the Corps in its operation of its ACF River basin dam and reservoir system), and conserve the resources of the parties, their counsel and the judiciary. *See In re Operation of the Missouri River System Litigation*, 277 F.Supp.2d 1378 (Jud.Pan.Mult.Lit.2003). The Panel has excluded the District of District of Columbia *Power Customers* ac-

---

1. These four entities are intervenor plaintiffs in the latter-filed Georgia action: Atlanta Regional Commission; the City of Atlanta, Georgia; Cobb County–Marietta Water Authority; and the City of Gainesville, Georgia.

2. *Southeastern Federal Power Customers, Inc. v. Louis Caldera, et al.*, D. District of Columbia, C.A. No. 1:00–2975 (*Power Customers*).

tion from MDL–1824 proceedings, because this action is not currently pending at the district court level.

■ The Panel finds that claims in the Northern District of Alabama action relating to the conduct of the Corps *vis-a-vis* the flow of water in the Alabama, Coosa, and Tallapoosa (ACT) River basin do not share sufficient questions of fact with claims relating to the flow of water in the ACF River basin to warrant inclusion of the ACT River basin claims in MDL–1824 proceedings.

■ The Panel further finds that the core disputes in this litigation primarily affect parties and interests located within the Eleventh Circuit, and that the Middle District of Florida in that circuit is an appropriate transferee forum for this litigation. Given the overriding tension in these actions involving a vital natural resource for Alabama, Florida and Georgia, the Panel has selected Judge Paul A. Magnuson, who has already obtained an intercircuit assignment in the Middle District of Florida, to serve as the transferee judge in this litigation. As the transferee judge in the *Missouri River* litigation, he is exceptionally well experienced to lead MDL–1824 to an expeditious resolution.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Paul A. Magnuson from the District of Minnesota, sitting in the Middle District of Florida pursuant to an intercircuit assignment under 28 U.S.C. § 294(d), for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that claims in the Northern District of Alabama action relating to the ACT River basin are separated and simultaneously remanded, pursuant to 28 U.S.C. § 1407(a), to the Northern District of Alabama.

**SCHEDULE A**

*MDL–1824—In re Tri–State Water Rights Litigation*

*Northern District of Alabama*

*State of Alabama, et al. v. U.S. Army Corp. of Engineers, et al.,* C.A. No. 1:90–1331

*Northern District of Florida*

*State of Florida v. United States Fish & Wildlife Service, et al.,* C.A. No. 4:06–410

*Northern District of Georgia*

*State of Georgia v. The United States Army Corp. of Engineers, et al.,* C.A. No. 1:06–1473

*State of Georgia v. United States Corp. of Engineers, et al.,* C.A. No. 2:01–26