**T.L. QUACH, Plaintiff—Appellant,**

v.

**Gilbert CROSS; et al., Defendants—Appellees.**

Nos. 04–56108, 05–55090.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 26, 2006.

Filed Sept. 13, 2007.

Stephen Yagman, Esq., Yagman & Yagman & Reichmann & Bloomfield, Venice, CA, for Plaintiff–Appellant.

Cal P. Saunders, Compton City Attorney, Compton, CA, for Defendants–Appellees.

Before: BRIGHT *, TASHIMA, and BEA, Circuit Judges.

MEMORANDUM **

In these consolidated actions, plaintiff T.L. Quach appeals the district court's

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

grant of certain defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss the First Amended Complaint ("complaint") for failure to state a claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and the district court's June 14, 2004 order setting aside the defaults of all remaining defendants and dismissing the complaint as to those defendants.[1] On limited remand from this court, the district court certified its June 14, 2004 order for appeal pursuant to Fed. R. Civ. Proc. 54(b). We have jurisdiction over both appeals. *See Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1168 (9th Cir.2003), *opinion after remand*, 340 F.3d 835, 840, and we affirm.

The district court properly held that plaintiff's complaint failed to allege a civil RICO violation. The complaint fails to allege a "pattern of racketeering activity," which RICO defines as "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). The complaint alleges only one event with any particularity, namely, a purported raid against plaintiff's jewelry establishment. One swallow does not a spring make, nor one raid a "pattern of racketeering." Nor does the complaint allege any relationship between the raid and a threat of continuing activity. *See Howard v. America Online Inc.*, 208 F.3d 741, 749 (9th Cir.2000). Accordingly, the judgment of the district court is affirmed.

---

1. At oral argument, plaintiff withdrew the contention that the district court lacked jurisdiction to set aside the defaults of all remaining defendants and to dismiss the case as to those defendants. For reasons we need not explore here, we find the withdrawn argument without merit.

