**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| DUSTIN ROLLINS, on behalf of himself and all other similarly situated persons,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.,<br>*Defendants-Appellees*. | No. 12-16261<br><br>D.C. No.<br>2:11-cv-00027-JAT<br><br><br>ORDER |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted
November 8, 2013—San Francisco, California

Filed December 12, 2013

Before: A. Wallace Tashima, William A. Fletcher,
and Jacqueline H. Nguyen, Circuit Judges.

Order

**SUMMARY**<sup>*</sup>

**Final Judgment**

The panel ordered a limited remand to the MDL court to specify whether it intended that its dismissal order be treated as an appealable final judgment pursuant to Federal Rule of Civil Procedure 54(b).

The United States Judicial Panel on Multidistrict Litigation issued an order that split the claims presented in this case and other cases with some claims transferred to the MDL court and others remanded to the transferor courts. The panel held that it was unable to determine whether they had jurisdiction to hear this appeal from the MDL court's order because the claims in this case that remain in the transferor court were still pending and the MDL court did not expressly find that its dismissal order was a final appealable order.

**COUNSEL**

John R. Ates (argued), Ates Law Firm, P.C., Alexandria, Virginia; David C. Ates, David Ates, P.C., Atlanta, Georgia, for Plaintiffs-Appellants.

Robert M. Brochin, Morgan, Lewis & Bockius LLP, Miami, Florida, for Defendants-Appellees.

---

<sup>*</sup> This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

This appeal comes to us in an unusual procedural posture and presents a nuanced issue of appellate jurisdiction. The United States Judicial Panel on Multidistrict Litigation ("JPML") issued an order that split the claims presented in this and numerous other cases – some claims were transferred to the MDL court, while others were remanded to the transferor courts. As a result of the JPML order, the MDL court, when confronted with a motion to dismiss, could only act on a portion of the motion. The MDL court, recognizing that its authority to act was limited to only some of the claims, granted the motion in part, thereby dismissing some, but not all, of the claims pending in this action.

Because the claims in this case that remain in the transferor court still are pending, and because the MDL court did not expressly find that its dismissal order was an appealable final judgment, we are unable to determine whether we have jurisdiction to hear this appeal from the MDL court's order.[1] Therefore, we order a limited remand for the MDL court to specify whether it intended that its dismissal order be treated as an appealable final judgment pursuant to Federal Rule of Civil Procedure 54(b).

---

[1] We have no cases addressing whether, when the JPML "splits" a civil action and remands some claims to the transferor court under 28 U.S.C. § 1407(a), and the MDL court enters judgment on the transferred claims, such a judgment is a "final decision" under 28 U.S.C. § 1291, even though the claims remanded to the transferor court remain pending, or the converse situation.

## BACKGROUND

### A.

On December 7, 2009, the JPML established MDL No. 2119, *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, before District Judge James A. Teilborg in the District of Arizona (the "transferee court" or "MDL court"). At that time, the JPML centralized six actions in the MDL court.

According to the JPML,

> This litigation concerns the MERS system, an electronic mortgage registration system and clearinghouse that tracks beneficial ownership interests in, and servicing rights to, mortgage loans. Plaintiffs allege, inter alia, that the members and/or shareholders of MERSCORP and its subsidiary MERS conspired to establish the MERS system – an electronic system for registering mortgages – as a means by which to intentionally hide from plaintiffs the true identity of the actual beneficial owners of negotiable promissory notes. All actions arise, in part, from allegations concerning the formation and operation of the MERS system. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

Significantly, however, the JPML did not transfer the cases in their entirety to the MDL court, instead ordering that "claims unrelated to the formation and/or operation of the MERS system [would be] simultaneously remanded to their respective transferor courts." Confusion ensued.

## B.

On October 15, 2010, Plaintiff Dustin Rollins filed a putative class action in the Superior Court of Fulton County, Georgia. On November 19, 2010, Defendants Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (together, "MERS") removed this action to the United States District Court for the Northern District of Georgia (the "transferor court").

On January 3, 2011, the JPML transferred part of this action to the MDL court for coordinated pretrial proceedings in the *In re: MERS Litigation*. As with the original six cases and all subsequent actions, the JPML ordered that any of Rollins's claims that were "unrelated to the formation and/or operation of the MERS system were separated and simultaneously remanded" to the Northern District of Georgia.[2]

On May 25, 2012, the MDL court granted in part and denied in part MERS's motion to dismiss Rollins's claims that were before that court. Specifically, the MDL court dismissed Rollins's second claim for relief – for statutory

---

[2] The JPML did not identify, claim by claim, in this or any other *MERS* case, which claims were transferred to the MDL Court and which claims met its "unrelated" definition and, thus, were remanded to the transferor court.

wrongful foreclosure – and partially dismissed Rollins's first, third, fourth, fifth and sixth claims for relief – for declaratory judgment, tortious wrongful foreclosure, equitable relief, punitive damages and attorneys' fees. The MDL court further ordered that parts of Rollins's first, third, fourth, fifth and sixth claims be remanded to the Northern District of Georgia.[3] Thus, the dismissal order did not resolve all claims in this action.

Nevertheless, on May 25, 2012, the MDL court entered judgment in favor of MERS and against Rollins. On May 28, 2012, Rollins appealed.

## DISCUSSION

### A.

Section 1407 provides that the JPML "may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims" to a transferor court. "[T]he vast majority of transferred cases are disposed of *completely* in the transferee court," *In re Food Lion, Inc. FLSA Effective Scheduling Litig.*, 73 F.3d 528, 532 (4th Cir. 1996) (emphasis added), but a not insignificant number of them, like this case, involve a "transfer order with simultaneous separation and remand." *In re: Kugel Mesh Nernia Patch Prods. Liab. Litig.*, 560 F. Supp. 2d 1362, 1363 (J.P.M.L. 2008).[4]

---

[3] Thus far, there has been no subsequent litigation in the Northern District of Georgia.

[4] Other cases reflecting this practice include the following: *In re: Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 812 F. Supp. 2d 1380, 1384–85 (J.P.M.L. 2011); *In re Tri-State Water Rights Litig.*, 481 F. Supp.

The "claim-splitting" in this case resulted in considerable confusion in the MDL court and for the parties. The dividing line between claims related and unrelated to the "formation and/or operation of the MERS system" was, at best, murky. As the JPML recognized,

> The MERS system purportedly operates as follows: When a home is purchased, the lender obtains from the borrower a promissory note and a mortgage instrument naming MERS as the mortgagee (as nominee for the lender and its successors and assigns). In the mortgage, the borrower assigns his right, title, and interest in the property to MERS, and the mortgage instrument is then recorded in the local land records with MERS as the named mortgagee. When the promissory note is sold (and possibly re-sold) in the secondary mortgage market, the MERS database tracks that transfer. As long as the parties involved in the sale are MERS members, MERS remains the mortgagee of record (thereby avoiding recording and other transfer fees that are otherwise associated with the sale) and continues to act as an agent for the new owner of the promissory note.

2d 1351, 1353 (J.P.M.L. 2007); *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 469 F. Supp. 2d 1348, 1350 (J.P.M.L. 2006); *In re Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376, 1379 (J.P.M.L. 2006); *In re Aredia & Zometa Prods. Liab. Litig.*, 429 F. Supp. 2d 1371, 1373 (J.P.M.L. 2006); *In re Celexa & Lexapro Prods. Liab. Litig.*, 416 F. Supp. 2d 1361, 1363 (J.P.M.L. 2006); *In re Vioxx Mktg., Sales Practices & Prods. Liab. Litig.*, 416 F. Supp. 2d 1354, 1355 (J.P.M.L. 2006).

Given the almost omnipresent role of the "MERS system" from loan origination to mortgage foreclosure, it is difficult to differentiate between claims related and unrelated to the "formation and/or operation of the MERS system" in the context of cases alleging wrongful foreclosure and similar claims. Indeed, the record – specifically, the MDL court's series of "interpretation orders" – demonstrates that the JPML's transfer order was not self-effectuating.

In Rollins's case, for example, the MDL court remanded to the transferor court his tortious wrongful foreclosure claim and the subsidiary claims for relief to the extent those claims were based on Georgia's corporate fiduciary statute. But previously ("[a]t first glance"), the MDL court had interpreted the JPML transfer order and ruled that the MDL court had jurisdiction over these same claims. Nevertheless, "[u]pon reevaluation of the substance of" these claims, the MDL court reversed its initial ruling, concluding that "its prior interpretation of the conditional transfer order was in error."

Moreover, the JPML transferred part of Rollins's action from the transferor court (in the Eleventh Circuit) to the MDL court (in our circuit). In light of the MDL court's dismissal order and subsequent entry of judgment, Rollins was faced with a judgment that dismissed only some of his claims. At the same time (and notwithstanding that judgment), the MDL court's dismissal order remanded some of Rollins's claims back to the transferor court (outside of our circuit).

**B.**

Under Federal Rule of Civil Procedure 54(b), "When an action presents more than one claim for relief . . . , the court

may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." As noted above, the MDL court's dismissal order did not resolve all claims in this action. Significantly, however, neither the MDL court's dismissal order nor its judgment included an express determination under Rule 54(b) that "there is no just reason for delay."

"Absent Rule 54(b) certification, the present appeal may be subject to dismissal as an appeal from a nonfinal decision." *Quach v. Cross*, 216 F. App'x 666, 666 (9th Cir. 2007) (citing 28 U.S.C. § 1291; *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003)). Nevertheless, "[a]n order containing a Rule 54(b) certification is sufficient to validate a prematurely filed notice of appeal if neither party is prejudiced." *Id.* at 667 (citing *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986)). As in *Quach*, "We find that neither party would be prejudiced by a Rule 54(b) certification entered on limited remand." *Id.*

It may be that, by entering judgment, the MDL court intended for the judgment to be appealable, but without a Rule 54(b) certification, we cannot be certain. Under these circumstances, Rollins hardly can be blamed for filing a "protective" – if perhaps technically premature – appeal.

## CONCLUSION

Accordingly, we order a limited remand to the MDL court for its consideration as to whether its May 25, 2012, dismissal order should be certified as an appealable final judgment under Rule 54(b). *See, e.g.*, *Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1168 (9th Cir. 2003) ("This matter is

therefore remanded to the district court for the limited purpose of its granting or denying plaintiffs' motion for a Rule 54(b) certification."); *Quach*, 216 F. App'x at 666.

On limited remand, the district court either should expressly determine that there is no just reason for delay, *see* Fed. R. Civ. P. 54(b), or should decline to enter a Rule 54(b) certification. This panel shall retain jurisdiction over this appeal. A copy of this order shall serve as the mandate of limited remand. *See Norton*, 325 F.3d at 1168.

**IT IS SO ORDERED.**