

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | No. 12-16457 |
| | DC Nos. 2:11 cv-0173 JAT |
| JUANITA PUALANI LEE, | 2:09 md-02119 JAT |
| Plaintiff - Appellant, | MEMORANDUM* |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COUNTRYWIDE BANK FSB, | |
| Defendants - Appellees. | |

| | |
|---|---|
| JUANITA FAYE PUALANI LEE, individually and on behalf of all those similarly situated, | No. 13-15291 |
| | DC No. 1:10 cv-0687 JMS |
| Plaintiff - Appellant, | |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COUNTRYWIDE BANK FSB, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeals from the United States District Courts
for the District of Arizona
James A. Teilborg, District Judge, Presiding
and
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

No. 12-16457 Argued and Submitted November 8, 2013
San Francisco, California

No. 13-15291 Submitted January 8, 2014[**]


Before:      TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

This case, originally filed in the District of Hawaii (the "transferor court"), was transferred in part by the Judicial Panel on Multidistrict Litigation to the District of Arizona (the "transferee court") to be consolidated with multidistrict litigation already pending in that court entitled *In re: Mortgage Electronic Registration System (MERS) Litigation*, MDL No. 2119.  Plaintiff Juanita Faye Pualani Lee appeals from the transferor and transferee courts' judgments of

---

[**]      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

dismissal.[1]  We affirm the transferor court's judgment, and affirm in part and reverse in part the judgment of the transferee court.

**1.**    In No. 12-16457, when Plaintiff filed her notice of appeal from the transferee court's order of dismissal, a final judgment had not yet been entered. *See Rollins v. Mortg. Elec. Registration Sys., Inc.*, 737 F.3d 1250, 1251 n.1 (9th Cir. 2013) (treating as an unsettled question whether when "the MDL court enters judgment on the transferred claims, such a judgment is a 'final decision' under 28 U.S.C. § 1291, even though the claims remanded to the transferor court remain pending").  But the subsequent entry of a final judgment by the transferor court, cured any problem regarding appellate jurisdiction arising from the lack of a "final decision."  *See Eastport Assocs. v. City of L.A. (In re Eastport Assocs.)*, 935 F.2d 1071, 1075 (9th Cir. 1991) ("Whatever prematurity existed in the . . . original appeal . . . has been cured by the entry of a final judgment on the merits . . . .  [T]he rule in this circuit [is] that once a final judgment is entered, an appeal from an order that otherwise would have been interlocutory is then appealable." (citing *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680-81 (9th Cir. 1980))).  We thus have jurisdiction under 28 U.S.C. § 1291 over both appeals.

---

[1]    These are two separate appeals from two different district courts which were consolidated under Fed. R. App. P. 3(b).

**2.** The transferee court properly dismissed Lee's claim that Defendants violated former Haw. Rev. Stat. § 667-5.7 because Lee's claim depends on a reading of the statute as regulating payment of the balance of the purchase price that is at odds with the statute's context, its legislative history, and the case law interpreting the statute. For the same reason, the transferee court did not abuse its discretion in denying Lee leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

**3.** The transferee court erred, however, in dismissing Lee's claim that defendant Mortgage Electronic Registration Systems, Inc. ("MERS") violated former Haw. Rev. Stat. § 667-5. Section 667-5 authorized nonjudicial foreclosure under a power of sale by "the mortgagee, the mortgagee's successor in interest, or any person authorized by the power to act in the premises." Lee plausibly alleged that MERS was neither the mortgagee, *see MERS v. Wise*, 304 P.3d 1192, 1193 n.2 (Haw. 2013), nor the mortgagee's successor in interest, *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039-40 (9th Cir. 2011), nor authorized by the power to act in the premises, because Lee's lender's bankruptcy

-4-

terminated MERS' status as the lender's nominee under the power of sale.[2] Lee thus stated a claim under former § 667-5. *See Kekauoha-Alisa v. Ameriquest Mortgage Co. (In re Kekauoha-Alisa)*, 674 F.3d 1083, 1090 (9th Cir. 2012) (noting that "Hawaii law requires strict compliance with statutory foreclosure procedures," including with § 667-5). Thus, it was error to dismiss this claim.

4.      The transferor court did not err in dismissing Lee's breach of contract claim based on former Haw. Rev. Stat. § 667-5. Lee waived her claim against defendant Countrywide Bank ("Countrywide") by failing to contest Countrywide's dismissal motion below. *See Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1081 n.16 (9th Cir. 2002) (en banc). She failed to state a claim against MERS because she did not cite to any provision in the contract that MERS allegedly violated. *See Au v. Au*, 626 P.2d 173, 181 (Haw. 1981). Nor did the transferor court abuse its discretion in denying Lee a

---

[2]      Although the parties now agree that Lee's lender transferred Lee's mortgage two days before it declared bankruptcy, this fact, even if judicially noticeable, was neither raised nor argued in the transferee court. Nor do the briefs on appeal address the effect of this transfer on MERS' authorization to act under the power of sale. We will not evaluate in the first instance, without the benefit of briefing, the effect of a fact that was not presented to the transferee court. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000).

fourth opportunity to state a claim. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

5. The transferor court did not abuse its discretion in dismissing the action under Federal Rule of Civil Procedure 41(b) after Lee failed timely to amend or to indicate her intent not to amend her breach of contract claim based on Section 22 of the mortgage. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). The only factor weighing against the dismissal is "the public policy favoring disposition of cases on their merits, which, standing alone, is not sufficient to outweigh the other four factors." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960-61 (9th Cir. 2006) (internal quotation marks omitted). "We therefore affirm the dismissal sanction." *Id.* at 961.

6. Even assuming that the sanction of dismissal was an abuse of discretion, the transferor court properly dismissed Lee's Section 22 breach of contract claim on the merits. Lee "fail[ed] to specify what provisions of the agreement . . . were breached," to permit determination of "the nature of the claim alleged." *Au*, 626 P.2d at 181. This failure warranted dismissal, *id.*, as did Lee's failure to allege that MERS owed Lee a "contractual duty," *see Miyashiro v. Roehrig, Roehrig, Wilson & Hara*, 228 P.3d 341, 357 (Haw. Ct. App. 2010).

• ● •

-6-

In No. 12-16457, the judgment of the transferee district court is affirmed in part, reversed in part, and remanded.

In No. 13-15291, the judgment of the transferor district court is affirmed.

Each party shall bear her or its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**