UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENZO MENDOZA MARTINEZ; ELIEZER MENDOZA MARTINEZ; ELIU MENDOZA; GLORIA MARTINEZ MONTES, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> AERO CARIBBEAN; EMPRESSA AEROCARIBBEAN, S.A.; CUBANA DE AVIACION, S.A.; ATR; GIE AVIONS DE TRANSPORT REGIONAL, <br><br> Defendants - Appellees. | No. 12-16043 <br><br> D.C. No. 3:11-cv-03194-WHA Northern District of California, San Francisco <br><br><br> ORDER |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted April 7, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Plaintiffs appeal the district court's dismissal of their claims against Avions

de Transport Régional ("ATR") for lack of personal jurisdiction. Plaintiffs are the

heirs of Lorenzo Corazon Mendoza Cervantes, who was a passenger on an airplane

that crashed in Cuba, killing everyone aboard. ATR designed and manufactured

the airplane. At the time of the crash, the airplane allegedly was owned and operated by Aero Caribbean, Empresa Aerocaribbean S.A., and Cubana de Aviation S.A. (collectively "the Cuban defendants"), international airlines based in Cuba. Plaintiffs sued ATR and the Cuban defendants in federal district court, seeking damages for Cervantes's death.

The district court granted ATR's motion to dismiss and entered judgment for ATR. That is the decision from which plaintiffs appeal. However, the district court granted ATR's motion to dismiss before plaintiffs had properly served the Cuban defendants. The district court's order entering judgment for ATR expressly did not enter judgment with respect to the Cuban defendants. Therefore, at the time plaintiffs filed their notice of appeal with this court, their claims against the Cuban defendants remained pending before the district court. Plaintiffs have since served the Cuban defendants and are pursuing their claims against those defendants in the district court.

Under these circumstances, we conclude that plaintiffs' notice of appeal was premature because the district court's order granting ATR's motion to dismiss was not an appealable final judgment. We order a limited remand for the district court "to specify whether it intended that its dismissal order be treated as an appealable

2

final judgment pursuant to Federal Rule of Civil Procedure 54(b)." *Rollins v. Mortg. Elec. Registration Sys., Inc.*, 737 F.3d 1250, 1251 (9th Cir. 2013).

Under 28 U.S.C. § 1291, we have jurisdiction over appeals from "final judgment[s] that dispose[] of all claims with respect to all parties." *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 987 (9th Cir. 2009). In *Patchick v. Kensington Publishing Corp.*, 743 F.2d 675 (9th Cir. 1984), we recognized an exception to that rule where "an action is dismissed as to all of the defendants who have been served and only unserved defendants remain." *Id.* at 677. In such a case, "the district court's order may be considered final." *Id.* However, we have since qualified the *Patchick* rule, holding that it does not apply "where no final judgment is entered and it is clear from the course of proceedings that further adjudication is contemplated." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 872 (9th Cir. 2004) (emphasis omitted). Although the district court here entered final judgment with respect to ATR, it did not do so with respect to the Cuban defendants. And, as in *Disabled Rights Action Committee*, "the entire course of events suggests that" the order dismissing plaintiffs' claims against ATR was "not intended finally to dispose of the whole case." *Id.* at 870.

As in *Disabled Rights Action Committee*, the district court here "appeared to assume that even after the case was dismissed as to [ATR]," plaintiffs were "free to

3

serve the [Cuban defendants] if [they] wished to do so." *Id.* at 871. The district court granted ATR's motion to dismiss on April 20, 2012, and plaintiffs filed their notice of appeal on May 1, 2012. We know from the docket sheet that after dismissing ATR, the district court scheduled a pretrial conference and a trial for plaintiffs' claims against the Cuban defendants. On January 9, 2013, the district court requested a status report from plaintiffs, who responded that they were still trying to serve the Cuban defendants. On November 19, 2013, plaintiffs moved the district court clerk for entry of default against the Cuban defendants. The clerk declined to enter default. On December 11, 2013, plaintiffs moved the district court for entry of default and default judgment. The district court denied the motion because plaintiffs still had not properly served the Cuban defendants.

In March 2014, plaintiffs served the Cuban defendants. On plaintiffs' motion, the clerk of court entered default against the Cuban defendants. The district court set a deadline of June 6, 2014, for plaintiffs to file a motion for default judgment. Plaintiffs have not yet moved for default judgment.

The district court's order dismissing ATR thus "was not one that 'left nothing for the court to do but execute the judgment.'" *Id.* at 871 (alteration omitted). "[F]urther adjudication" of plaintiffs' claims was both "contemplated" and actually carried out. *Id.* at 872. Therefore, the order granting ATR's motion to

4

dismiss was not a final judgment, and plaintiffs' appeal from that order was premature.

Under Federal Rule of Civil Procedure 54(b), a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." While the district court's order granting ATR's motion to dismiss resolved fewer than all of plaintiffs' claims, the court did not "expressly determin[e] that there is no just reason for delay" under Rule 54(b). "It may be that, by entering judgment, the [district] court intended for the judgment to be appealable, but without a Rule 54(b) certification, we cannot be certain." *Rollins*, 737 F.3d at 1254.

"[A]n order containing a Rule 54(b) certification is sufficient to validate a prematurely filed notice of appeal if neither party is prejudiced." *Id.* at 1253 (quoting *Quach v. Cross*, 216 F. App'x 666, 667 (9th Cir. 2007)) (internal quotation mark omitted). In *Rollins*, this court ordered a limited remand of a premature appeal for the district court to decide whether its nonfinal dismissal order "should be certified as an appealable final judgment under Rule 54(b)." *Id.* at 1254. We follow that approach here. "We find that neither party would be prejudiced by a Rule 54(b) certification entered on limited remand." *Id.* at 1253–54 (quoting *Quach*, 216 F. App'x at 667) (internal quotation mark omitted).

## Conclusion

We order a limited remand for the district court to determine whether its order dismissing plaintiffs' claims against ATR for lack of personal jurisdiction should be certified as an appealable final judgment under Rule 54(b). If the district court wishes to certify its order under Rule 54(b), it should make an express finding that there is no just reason for delay. This panel shall retain jurisdiction over this appeal. A copy of this order shall serve as the mandate of limited remand. *See id.* at 1254.

**IT IS SO ORDERED.**