169 F.3d 606
 1999 Daily Journal D.A.R. 1865
 PARTNERSHIP EXCHANGE SECURITIES COMPANY, a corporation,
Plaintiff-Appellant,
v.
NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., a
corporation; DOES, 1 through 50, inclusive,
Defendants-Appellees.
 No. 97-16497.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 11, 1998.
Decided Feb. 25, 1999.
 
 Lawrence A. Baker, Haims, Johnson, MacGowan & McInerney, Oakland, California, for the plaintiff-appellant.
 Douglas R. Cox, Gibson, Dunn & Crutcher, Washington, DC, Kim A. Thompson, Gibson, Dunn & Crutcher, San Francisco, California, for the defendants-appellees.
 Appeal from the United States District Court for the Northern District of California D. Lowell Jensen, District Judge, Presiding, D.C. No. CV-96-02792-DLJ.
 Before: FLETCHER, FERGUSON, and THOMPSON, Circuit Judges.
 FERGUSON, Circuit Judge:
 
 
 1
 Partnership Exchange Securities Company (Partnership Exchange) filed a complaint for money damages against the National Association of Securities Dealers (NASD) alleging various improprieties arising out of the NASD's attempted disciplinary actions against Partnership Exchange. The NASD claimed that it was entitled to absolute immunity for its actions with respect to Partnership Exchange, and the district court agreed. We agree with the district court and affirm.
 
 I. BACKGROUND
 
 2
 As the district court granted the NASD's motion to dismiss, for the purposes of our determination, we must take all the facts pleaded in the complaint as true. As contained in the complaint, the facts of this case are as follows.
 
 
 3
 The NASD is a non-profit, self-regulatory organization registered with the Securities and Exchange Commission (SEC). The NASD is the primary regulatory body for the broker-dealer industry. Under the Securities Exchange Act of 1934 (the Exchange Act), 15 U.S.C. §§ 78a-78mm, the SEC has broad supervisory responsibilities over the NASD.[1]
 
 
 4
 Partnership Exchange was incorporated in 1985 and began trading in the secondary limited partnership market[2] in late 1986. Partnership Exchange bought and sold limited partnerships in transactions with investors who were represented by brokers. Partnership Exchange conducted business until 1995, when it was unable to continue. Partnership Exchange was a member of the NASD at all relevant times.
 
 
 5
 On May 15, 1991, the NASD filed a complaint against Partnership Exchange and its two principal officers with the District Business Conduct Committee (DBCC).[3] In the complaint, the NASD alleged that Partnership Exchange and its officers violated the NASD's Fair Pricing Rule, misrepresented the amount of gross profits Partnership Exchange made in connection with transactions with customers, and failed to disclose its mark ups and mark downs in transactions with customers.
 
 
 6
 Partnership Exchange filed its answer on June 27, 1991, challenging the complaint and the conduct of the NASD's staff. Partnership Exchange had two basic arguments: first, that the NASD miscalculated Partnership Exchange's markups because it relied on Partnership Exchange's historical costs rather than the contemporaneous costs of the securities, and second, that the persons with whom Partnership Exchange conducted business were not "customers" under the NASD's Fair Pricing Rule because they were represented by brokers. Partnership Exchange also complained that it had kept the NASD fully informed of its actions but that the NASD never had advised or admonished Partnership Exchange that its activities would lead to a disciplinary proceeding. At the hearing held before a subcommittee of the DBCC, the NASD's prosecuting officer stated that the proceeding against Partnership Exchange was a test case and acknowledged that if the NASD used the contemporaneous cost standard rather than the historical cost standard, Partnership Exchange's prices could not be challenged.
 
 
 7
 On June 26, 1992, the DBCC ruled against Partnership Exchange. Partnership Exchange appealed the decision to the National Business Conduct Committee (NBCC).[4] The NBCC also decided against Partnership Exchange and censured the company and its officers, increasing the fines given by the DBCC. Partnership Exchange again appealed, this time to the SEC. On July 19, 1994, the SEC rejected the NASD's claims and set aside all findings adverse to Partnership Exchange and its officers.
 
 
 8
 Partnership Exchange then filed this action for money damages in the District Court for the Northern District of California. The NASD is the only named defendant. In the complaint, Partnership Exchange alleged the following: (1) that the NASD initiated audits, rendered informal intimidating advice, and launched disciplinary proceedings, all intended to force member firms to modify their policies and practices to reflect the NASD's views; (2) that the NASD filed an improper complaint against Partnership Exchange with the DBCC; (3) that the NASD's officers did not comport with substantive due process when they investigated Partnership Exchange; (4) that the NASD imposed a burden on competition not in furtherance of the purpose of the Exchange Act; (5) that the NASD conspired with the DBCC to proceed frivolously with the disciplinary process; (6) that the NASD never advised Partnership Exchange that its activities violated the NASD's policies on mark ups; and (7) that the NASD, in its investigatory and administrative actions, went beyond the scope of its authority and ignored its disciplinary authority. Partnership Exchange claimed that it was entitled to money damages as a result of these actions that violated federal and state law.
 
 
 9
 The NASD filed a motion to dismiss. On July 3, 1997, the district court granted the NASD's motion, concluding that the NASD was protected by absolute immunity.
 
 II. STANDARD OF REVIEW
 
 10
 A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).
 
 III. DISCUSSION
 
 11
 The district court found that the NASD was entitled to absolute immunity from money damages. The district court made its determination before this court's decision in Sparta Surgical Corp. v. National Association of Securities Dealers, Inc., 159 F.3d 1209 (9th Cir.1998). Sparta now controls this case and mandates an affirmance of the district court.
 
 
 12
 In Sparta, this court was confronted with a suit for money damages against the NASD for allegedly improperly de-listing a corporation on the NASDAQ stock market. Id. at 1211. The court affirmed the dismissal of the suit, stating that "self-regulatory organizations do not enjoy complete immunity from suits; it is only when they are acting under the aegis of the Exchange Act's delegated authority that they so qualify. When conducting private business, they remain subject to liability." Id. at 1214. The court reached that conclusion because "[e]xtending immunity when a self-regulatory organization is exercising quasi-governmental powers is consistent with the structure of the securities market as constructed by Congress." Id. at 1213.
 
 
 13
 As in Sparta, underlying all of Partnership Exchange's allegations contained in its complaint is the NASD's conduct undertaken under the authority delegated to it by the Exchange Act. The NASD was not acting as a private business, so its actions are protected by absolute immunity from money damages. Partnership Exchange claims that some of the NASD's actions taken before charges were brought with the DBCC were investigatory and administrative in nature and thus should fall outside the bounds of the absolute immunity doctrine. However, Sparta admits of no exceptions: if the action is taken under the "aegis of the Exchange Act's delegated authority," the NASD is protected by absolute immunity from money damages. Id. at 1214. Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and its progeny support that conclusion because acts similar to a prosecutor's preparation "for the initiation of judicial proceedings or for trial" are entitled to absolute immunity from suits for money damages. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). The NASD's actions fit under that rubric. Accordingly, absolute immunity from money damages is warranted.
 
 
 14
 Sparta applied absolute immunity to a self regulatory organization that exercises quasi-governmental powers within its regulatory capacity. The NASD's actions here fall within that rule, and Partnership Exchange cannot sue the NASD for money damages because of the absolute immunity doctrine. Thus, the district court properly dismissed Partnership Exchange's complaint.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 For an in-depth description of the NASD, its functions, and its relationship to the SEC, see Austin Municipal Securities, Inc. v. National Association of Securities Dealers, Inc., 757 F.2d 676, 679-81 (5th Cir.1985)
 
 
 [2]
 Partnership Exchange alleges in its complaint that public limited partnerships came into use as investment vehicles in the 1970s. These partnerships were publicly syndicated entities but were not publicly traded. Instead, they were sold to the public primarily by major brokerage firms for the purpose of investment diversification, inflation protection, and asset appreciation. The NASD considered the idea of organizing a secondary market for public limited partnerships but took no action on the idea. Nonetheless, a small secondary market developed without the support of the NASD
 
 
 [3]
 The DBCC is the disciplinary body of the NASD and determines whether to prosecute a member or associate of the NASD
 
 
 [4]
 The NBCC is the next level of review within the NASD