**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LORENZO MENDOZA MARTINEZ;
ELIEZER MENDOZA MARTINEZ; ELIU
MENDOZA; GLORIA MARTINEZ
MONTES,

          *Plaintiffs-Appellants*,

v.

AERO CARIBBEAN; EMPRESSA
AEROCARIBBEAN, S.A.; CUBANA DE
AVIACION, S.A.; ATR; GIE AVIONS
DE TRANSPORT REGIONAL,

          *Defendants-Appellees*.

No. 12-16043

D.C. No.
3:11-cv-03194-
WHA

OPINION

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted
April 7, 2014—San Francisco, California

Filed August 21, 2014

Before: Barry G. Silverman, William A. Fletcher,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY[*]

### Personal Jurisdiction

The panel affirmed the dismissal for lack of personal jurisdiction of a tort lawsuit against a French company.

The panel held that *Burnham v. Superior Court*, 495 U.S. 604 (1990) (holding that personal service upon physically present defendant suffices to confer jurisdiction, without regard to whether defendant was only briefly in state or whether cause of action was related to his activities there), does not apply to corporations. Accordingly, service of process on a corporation's officer within the forum state does not create general personal jurisdiction over the corporation. The panel held that a court may exercise general personal jurisdiction over a corporation only when its contacts "render it essentially at home" in the state. Applying *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the panel concluded that under this "demanding" jurisdictional standard, the defendant's contacts were insufficient to subject it to general jurisdiction in California.

## COUNSEL

Brian J. Malloy (argued), Thomas John Brandi, Daniel Dell'Osso, The Brandi Law Firm, San Francisco, California, for Plaintiffs-Appellants.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Eric C. Strain (argued), Cameron Robert Cloar, Brian C. Dalrymple, Nixon Peabody LLP, San Francisco, California, for Defendant-Appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

Plaintiffs, the heirs of Lorenzo Corazon Mendoza Cervantes, appeal the district court's dismissal of their claims against Avions de Transport Régional ("ATR") for lack of personal jurisdiction. Cervantes was a passenger on an airplane that crashed in Cuba, killing everyone aboard. ATR, a French company, designed and manufactured the airplane. Plaintiffs sued ATR in federal court in California, alleging that ATR's defective design and construction of the airplane caused the crash.

We must decide whether, under *Burnham v. Superior Court*, 495 U.S. 604 (1990), service of process on a corporation's officer within the forum state creates general personal jurisdiction over the corporation. We hold that *Burnham* does not apply to corporations. A court may exercise general personal jurisdiction over a corporation only when its contacts "render it essentially at home" in the state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (alteration and internal quotation marks omitted). Because ATR is not otherwise "essentially at home" in California, and service on its corporate officer did not render it so, we affirm the district court.

## I.  Background

ATR designs, manufactures, and sells aircraft.  In November 2010, an airplane designed and built by ATR crashed approximately 200 miles southeast of Havana, Cuba.  All sixty-eight people on board the airplane died, including Cervantes.  In 1995, ATR had sold the airplane to Commuter Finance IV Ltd., a Grand Cayman company, which in the same year sold the airplane to Continental Airlines, Inc., a Texas corporation.  Plaintiffs allege that at the time of the crash, the airplane was owned, maintained, serviced, and operated by some combination of Aero Caribbean, Empresa Aerocaribbean S.A., and Cubana de Aviacion S.A., international airlines based in Cuba.  There is no evidence the airplane was ever operated in California or owned by a California citizen or resident.

ATR is organized under French law.  Its headquarters and principal place of business are in France.  It is not licensed to do business in California, and it has no office or other physical presence there.  It purchases parts from suppliers in California, sends representatives to California to promote its business, and advertises in trade publications available in California.  It has sold airplanes to Air Lease Corp., a California corporation.  Empire Airlines, a regional airline unaffiliated with ATR, operates ATR airplanes on its route between Santa Barbara and Ontario, California.  Empire Airlines purchased its ATR airplanes secondhand from third parties, not directly from ATR.  ATR North America, a wholly owned subsidiary of ATR, had its headquarters in Virginia at the time of the crash.  It has since relocated its headquarters to Florida.

Cervantes's widow, Gloria Martinez Montes, and his three sons, Lorenzo Mendoza Martinez, Eliu Mendoza, and Eliezer Mendoza Martinez, sued ATR in the United States District Court for the Northern District of California. They alleged claims for products liability, negligence, breach of warranty, and wrongful death against ATR. Plaintiffs also alleged various claims, which are not at issue in this appeal, against Aero Caribbean, Empressa Aerocarribean S.A., and Cubana de Aviacion S.A (collectively, "the Cuban defendants"). Three of the four plaintiffs reside in California. Montes resides in Mexico.

Plantiffs served the summons and complaint on ATR at its headquarters in France. ATR moved to dismiss the complaint for lack of personal jurisdiction. The district court held that plaintiffs' allegations did not support personal jurisdiction over ATR, but it did not immediately grant ATR's motion. Instead, the court held the motion in abeyance and gave plaintiffs slightly more than two months to conduct limited jurisdictional discovery. During the discovery period, plaintiffs served copies of the summons and complaint on ATR's vice president of marketing while he was in California attending a conference on ATR's behalf. ATR does not dispute that this method of service was proper under California law. *See* Cal. Civ. Proc. Code § 416.10(b).

After the close of discovery, plaintiffs filed a supplemental opposition to ATR's motion to dismiss. Plaintiffs argued first that their in-state service on ATR's vice president of marketing created general personal jurisdiction over ATR under *Burnham v. Superior Court*, 495 U.S. 604 (1990). Second, plaintiffs argued that ATR's contacts with California, not limited to the transient presence of ATR's vice president, were sufficiently extensive to create general

personal jurisdiction.  Plaintiffs also requested additional discovery to investigate ATR North America's contacts with California.

The district court granted ATR's motion to dismiss and denied plaintiffs' request for additional jurisdictional discovery.  Plaintiffs appealed.  At that time, the Cuban defendants had not yet been served.  After plaintiffs filed their notice of appeal to this court, they served the Cuban defendants and continued to pursue their claims against those defendants in the district court.  Accordingly, we held that the district court's order granting ATR's motion to dismiss was not an appealable final judgment and ordered a limited remand for the district court to decide whether to certify its order as an appealable final judgment under Federal Rule of Civil Procedure 54(b).  *Mendoza Martinez v. Aero Caribbean*, No. 12-16043 (9th Cir. May 30, 2014) (unpublished order remanding to district court).  We retained jurisdiction over this appeal.  *Id.* at *6.

On limited remand, the district court certified under Rule 54(b) its order dismissing plaintiffs' claims against ATR.  We now have jurisdiction over that order under 28 U.S.C. § 1291.

## II.  Standard of Review

We review de novo the district court's decision that it lacks personal jurisdiction over ATR.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Plaintiffs bear the burden of showing that jurisdiction is proper, but "[w]here, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff[s] need only make a prima facie showing of jurisdictional facts."  *Id.* (internal quotation marks omitted).  We review for abuse

of discretion the district court's denial of plaintiffs' request for additional discovery. *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010).

## III. Discussion

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger*, 374 F.3d at 800 (citing Fed. R. Civ. P. 4(k)(1)(A)). "California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). The district court held it could not exercise personal jurisdiction over ATR consistent with federal due process. We agree.

### A. Personal Jurisdiction Over ATR

It is well established that the Fourteenth Amendment's Due Process Clause limits the power of a state's courts to exercise jurisdiction over defendants who do not consent to jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850 (2011). There are two kinds of personal jurisdiction that a state's courts may exercise over an out-of-state defendant. *Id.* at 2851. The first, known as "specific jurisdiction," exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *see Daimler*, 134 S. Ct. at 755 (observing that "specific jurisdiction has become the centerpiece of modern jurisdiction theory" (quoting *Goodyear*, 131 S. Ct. at 2854) (internal quotation marks

omitted)).   The second, known as "general jurisdiction,"
allows "a defendant to be haled into court in the forum state
to answer for any of its activities anywhere in the world."
*Schwarzenegger*, 374 F.3d at 801.  General jurisdiction over
a corporation is appropriate only when the corporation's
contacts with the forum state "are so constant and pervasive
as to render it essentially at home" in the state.  *Daimler*,
134 S. Ct. at 751 (quoting *Goodyear*, 131 S. Ct. at 2851)
(internal quotation marks and alteration omitted).

Although the terms "specific" and "general" jurisdiction
were not adopted by the Supreme Court until fairly recently,
these two kinds of personal jurisdiction can be traced back to
the Court's decision in *International Shoe Co. v. Washington*,
326 U.S. 310 (1945).  *International Shoe* reconceptualized
the Court's earlier approach to personal jurisdiction, most
famously described in *Pennoyer v. Neff*, 95 U.S. 714 (1878),
which generally limited a court's jurisdiction to "the
geographic bounds of the forum."  *Daimler*, 134 S. Ct. at 753.
"[S]purred by 'changes in the technology of transportation
and communication, and the tremendous growth of interstate
business activity,'" the Court in *International Shoe* developed
a new concept of contacts-based jurisdiction as a flexible and
context-specific alternative to *Pennoyer*'s focus on a
defendant's physical presence within the forum.  *Id.* at 753
(quoting *Burnham*, 495 U.S. at 617 (opinion of Scalia, J.));
*see also Burnham*, 495 U.S. at 619 (observing that
*International Shoe* developed its approach "by analogy to
'physical presence'" (emphasis omitted)).

*International Shoe*'s contacts-based approach to personal
jurisdiction supplemented *Pennoyer*'s approach but did not
entirely supplant it.   In *Burnham*, the Court held that
*Pennoyer*'s category of "jurisdiction based on physical

presence alone" survived *International Shoe* as an independent basis for personal jurisdiction, at least for natural persons. *Burnham*, 495 U.S. at 619. The defendant in *Burnham* was a New Jersey resident personally served with a divorce petition while visiting his children in California. No part of the divorce proceedings arose out of the defendant's California contacts. *See id.* at 608. The Court nevertheless held that California's courts could exercise general personal jurisdiction over the defendant. The Court reaffirmed the historical rule that "personal service upon a physically present defendant suffice[s] to confer jurisdiction, without regard to whether the defendant was only briefly in the State or whether the cause of action was related to his activities there." *Id.* at 612. This kind of jurisdiction is often known as "tag jurisdiction."

Relying on *Burnham*, plaintiffs argue that in-state service of process on a corporate officer who is acting on behalf of the corporation at the time of service creates tag jurisdiction over the corporation. That is, they contend that their service on ATR's vice president of marketing while he was in California gave the district court general personal jurisdiction over ATR. We disagree.

*Burnham* was a split decision, with no opinion receiving the support of a majority of the Court. Justice Scalia, in a plurality opinion joined in full by Chief Justice Rehnquist and Justice Kennedy and in part by Justice White, concluded that tag jurisdiction satisfied due process because it accorded with the "firmly established" historical principle that "the courts of a State have jurisdiction over nonresidents who are physically present in the State." *Id.* at 610. Justice Brennan, joined by Justices Marshall, Blackmun, and O'Connor, did not approve tag jurisdiction based on its historical pedigree.

Rather, he believed that it should be tested against "contemporary notions of due process." *Id.* at 630 (Brennan, J., concurring in the judgment). Under this test, Justice Brennan concluded that "as a rule" tag jurisdiction satisfies due process. *Id.* at 639. Justices White and Stevens concurred separately in terse, somewhat enigmatic opinions. *Id.* at 628 (White, J., concurring in part and concurring in the judgment); *id.* at 640 (Stevens, J., concurring in the judgment).

None of the various opinions in *Burnham* discussed tag jurisdiction with respect to artificial persons. Physical presence is a simple concept for natural persons, who are present in a single, ascertainable place. This is not so for corporations, which can only act through their agents and can do so in many places simultaneously. *See Int'l Shoe*, 326 U.S. at 316–17. Natural persons can be present in a state both physically and through their contacts with the state. Corporations, on the other hand, can be present only through their contacts:

> Since the corporate personality is a fiction . . . it is clear that unlike an individual its 'presence' . . . can be manifested only by activities carried on in its behalf by those who are authorized to act for it. . . . [T]he terms 'present' or 'presence' are used merely to symbolize those activities of the corporation's agent within the state which courts will deem to be sufficient to satisfy the demands of due process. Those demands may be met by such contacts of the corporation with the state of the forum as make it reasonable . . . to require

>the corporation to defend the particular suit
>which is brought there.

*Int'l Shoe*, 326 U.S. at 316–17 (citations omitted). As a result, corporations "have never fitted comfortably in a jurisdictional regime based primarily upon 'de facto power over the defendant's person.'" *Burnham*, 495 U.S. at 610 n.1 (opinion of Scalia, J.) (quoting *Int'l Shoe*, 326 U.S. at 316).

An officer of a corporation is not the corporation, even when the officer acts on the corporation's behalf. *See* 1 William Meade Fletcher, Cyclopedia of the Law of Corporations § 25 (Supp. 2011) ("The corporation and its directors and officers are . . . not the same personality."); *id.* § 30 ("A corporation is a distinct legal entity that can act only through its agents."). While a corporation may in some abstract sense be "present" wherever its officers do business, such presence is not physical in the way contemplated by *Burnham*. *See Burnham*, 495 U.S. at 617–19 (distinguishing the physical presence required for tag jurisdiction from the "purely fictional" concept of constructive "presence" through business contacts).

On the assumption that tag jurisdiction exists only over natural persons who are physically present in a forum state, *International Shoe* indicates that a corporation may be subject to personal jurisdiction only when its contacts with the forum support either specific or general jurisdiction. In the almost seventy years since *International Shoe*, the Supreme Court has never suggested anything else. *See Goodyear*, 131 S. Ct. at 2853 (noting that "*International Shoe* classified cases involving out-of-state corporate defendants" into two categories: specific and general jurisdiction). To the contrary, the Court has required an analysis of a corporation's

contacts with the forum state even when tag jurisdiction, if available, would have made such analysis unnecessary.

In *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 447–48 (1952), the Court held that Ohio could exercise general jurisdiction over a Philippines company that, during World War II, directed the bulk of its operations from Ohio. *See Daimler*, 134 S. Ct. at 755–56 (summarizing *Perkins*). The plaintiffs personally served the company's president in Ohio. *Perkins*, 342 U.S. at 439–40. If tag jurisdiction had been available, that alone would have resolved the case. But the Court upheld jurisdiction only after deciding whether "the business done in Ohio . . . was sufficiently substantial" to allow jurisdiction over claims unrelated to the company's Ohio contacts. *Id.* at 447. Cases decided after *Burnham* have consistently understood *Perkins* as relying on the extent of the company's contacts with Ohio, not on the in-state service on the company's president. *See, e.g.*, *Daimler*, 134 S. Ct. at 755, 756 n.8 (describing *Perkins* as "the textbook case of general jurisdiction" and identifying "the point on which [*Perkins*] turned: All of [the company's] activities were directed by the company's president from within Ohio").

Nor has our court ever indicated that *Burnham* applies to corporations. In *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398 (9th Cir. 1994), the plaintiffs were injured while traveling on a cruise ship. They sued the ship's operator, a German corporation, in federal district court in Washington State. *Id.* at 1401–02. They personally served the corporation's president and sole owner in Washington. We held that service was effective under the Federal Rules of Civil Procedure. *Id.* at 1404. In response to the defendant's argument that *Burnham* did not authorize service, we

distinguished between the effectiveness of service and the exercise of personal jurisdiction. We wrote:

> [The defendant] argues that the rule allowing transient or "tag" jurisdiction was never adopted in the context of a corporation. . . . While it is true that a corporate defendant does not submit to jurisdiction by one of its officers voluntarily entering a state, this situation is not what is at issue here. We hold only that service of process . . . is effective in this instance, not that plaintiffs generally can acquire *personal jurisdiction* over corporate defendants by serving the persons who happen to own the corporation.

*Id.* at 1404 n.8 (citation omitted). We then remanded to the district court to determine whether the corporation's contacts with Washington were sufficient to authorize personal jurisdiction. *Id.* at 1404–06. Remand would have been unnecessary had tag jurisdiction existed over the corporation. *See also King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (holding that a corporation's designation of an agent for in-state service of process does not create general jurisdiction over the corporation); *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182–83 (5th Cir. 1992) (holding that *Burnham* did not authorize tag jurisdiction based on in-state service on a corporation's registered agent).

Of the other federal courts of appeals, only two have reached decisions arguably contrary to ours. In *Northern Light Technology, Inc. v. Northern Lights Club*, 236 F.3d 57 (1st Cir. 2001), the First Circuit stated in a footnote that service on a corporation's president conferred general

personal jurisdiction over the corporation. *Id.* at 63 n.10. The court did not explain its decision or cite any supporting cases. *Id.* In *First American Corp. v. Price Waterhouse LLP*, 154 F.3d 16 (2d Cir. 1998), the Second Circuit allowed general jurisdiction over a partnership based on in-state service on one of its partners. *Id.* at 19–21. We need not decide here whether we agree with the court's holding in *First American*, for partnerships differ from corporations in the important respect that "a partnership (unlike a corporation) has no separate existence" from its partners. *Id.* at 19.

In sum, personal jurisdiction exists over ATR only if ATR's contacts with California support either specific or general jurisdiction. Plaintiffs do not argue that specific jurisdiction exists over ATR, given that no part of their lawsuit "aris[es] out of or relate[s] to" ATR's contacts with California. *Helicopteros*, 466 U.S. at 414 n.8. Instead, as an alternative to tag jurisdiction, plaintiffs argue that ATR's contacts with California are so extensive that they create general jurisdiction. Plaintiffs rely on five sets of contacts: (1) ATR's contracts, "worth between $225 and $450 million," to sell airplanes to Air Lease Corp., a California corporation; (2) ATR's contracts with eleven California component suppliers; (3) ATR's sending of representatives to California to attend industry conferences, promote ATR products, and meet with suppliers; (4) Empire Airlines' use of ATR airplanes in its California route; and (5) ATR's advertising in trade publications with distribution in California. These contacts are plainly insufficient to subject ATR to general jurisdiction in California.

The Supreme Court's recent decision in *Daimler* makes clear the demanding nature of the standard for general

personal jurisdiction over a corporation.  In *Daimler*, the Court held that DaimlerChrysler Aktiengesellschaft ("Daimler"), a German corporation, was not subject to general jurisdiction in California based on the California contacts of its subsidiary, Mercedes–Benz USA ("MBUSA"). *Daimler*, 134 S. Ct. at 750–51.  MBUSA, a Delaware corporation, is Daimler's exclusive importer and distributor for the United States.  Its principal place of business is in New Jersey, but it has multiple facilities in California and is "the largest supplier of luxury vehicles to the California market. . . .  MBUSA's California sales account for 2.4% of Daimler's worldwide sales." *Id.* at 752.  The Court assumed that MBUSA would be subject to general jurisdiction in California and that MBUSA's California contacts could be imputed to Daimler, but it still held that Daimler's contacts with California were not "so constant and pervasive as to render [it] essentially at home" in California. *Id.* at 751 (internal quotation marks omitted) (alteration in original).

The Court in *Daimler* rejected the plaintiffs' argument, also pressed by plaintiffs here, that general jurisdiction is appropriate whenever a corporation "engages in a substantial, continuous, and systematic course of business" in a state. *Id.* at 761 (internal quotation marks omitted).  It emphasized that the "paradigm" fora for general jurisdiction are a corporation's place of incorporation and principal place of business. *Id.* at 760 (internal quotation marks omitted).  Only in an "exceptional case" will general jurisdiction be available anywhere else. *Id.* at 761 n.19.

This is not such an exceptional case.  ATR is organized and has its principal place of business in France.  It has no offices, staff, or other physical presence in California, and it is not licensed to do business in the state. *See Mavrix Photo*,

647 F.3d at 1225. Its California contacts are minor compared to its other worldwide contacts. *See Daimler*, 134 S. Ct. at 762 n.20 ("General jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them.").

### B. Plaintiffs' Request for Additional Discovery

The district court did not abuse its discretion in denying plaintiffs' request for additional jurisdictional discovery about ATR North America. It is apparent that nothing plaintiffs could discover about ATR North America's contacts with California would make ATR "essentially at home" in California. *See id.* at 760–62. "[A] refusal [to grant discovery] is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

### Conclusion

We hold that ATR is not subject to personal jurisdiction in California. *Burnham* does not authorize tag jurisdiction over corporations, and ATR's contacts with California are insufficient to support general jurisdiction. Additional jurisdictional discovery would be futile. We affirm the district court's dismissal of plaintiffs' claims against ATR for lack of personal jurisdiction.

**AFFIRMED.**