**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BEST ODDS CORP., a Nevada corporation,<br><br>        Plaintiff-Appellant,<br><br>   v.<br><br>IBUS MEDIA LIMITED, a foreign company and IBUS MEDIA HOLDINGS (IOM) LIMITED, a foreign company,<br><br>        Defendants-Appellees. | Nos.   14-16235<br>          15-16298<br><br>D.C. No.<br>2:13-cv-02008-RCJ-VCF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted July 7, 2016
San Francisco, California

Before: BERZON, and N.R. SMITH, Circuit Judges, and CHRISTENSEN,** Chief District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

Best Odds Corp. appeals (1) the district court's dismissal of its trademark infringement and misappropriation claims for lack of personal jurisdiction over iBus Media Ltd. and iBus Media Holdings ("Defendants"); and (2) the district court's order denying Best Odds's motion for an indicative ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. The district court did not err by concluding that it lacked general jurisdiction over Defendants.[1] "[O]nly a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Daimler*, 134 S. Ct. at 760. "[T]he paradigm forum for the exercise of general jurisdiction" over a corporation is "one in which the corporation is fairly regarded as at home," such as the place of incorporation and principal place of business. *Id.* (citations omitted). "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Daimler*, 134 S. Ct. at 761 n.19).

---

[1]On appeal, Best Odds argues only for general jurisdiction and concedes that specific jurisdiction is not present. Thus, we limit our inquiry to general jurisdiction. *Cf. Daimler AG v. Bauman*, 134 S. Ct. 746, 758 (2014) ("In the proceedings below, the parties agreed on, or failed to contest, certain points we now take as given. Plaintiffs have never attempted to fit this case into the *specific* jurisdiction category.").

Best Odds raised jurisdictional facts both in its complaint and in its objections to a magistrate judge's order staying discovery pending resolution of Defendants' motion to dismiss. After considering all such facts,[2] we conclude that Defendants are not subject to general jurisdiction in the United States—their contacts with the United States are not "so substantial and of such a nature as to justify suit." *See Daimler*, 134 S. Ct. at 761 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). Neither Defendant is incorporated in the United States, nor does either entity have its principal place of business there. Further, although Best Odds admits that Defendants' commercial activity in the United States is "Nevada-centric," neither Defendant (1) maintains any offices or bank accounts in Nevada; (2) has a registered agent in Nevada; (3) has paid, or been required to pay, taxes in Nevada; or (4) is registered or licensed to do business in Nevada. *Cf. Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1225 (9th Cir. 2011) (declining to exercise general jurisdiction where the foreign corporation had no offices, was not registered to do business, had no registered agent, and paid no taxes in the forum); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (finding that general jurisdiction was "lacking," because,

---

[2]Although the district court did not consider the additional facts raised in Best Odds's opposition, we assume that such facts are properly before us for purposes of our analysis herein.

among other factors, the foreign corporation was not registered or licensed to do business, paid no taxes, and maintained no bank accounts in the forum, nor did it target advertising there). In short, Defendants' "limited contacts with [the United States] are insufficient to establish general jurisdiction." *Bancroft & Masters, Inc.*, 223 F.3d at 1086.

2. The district court did not err by denying Best Odds's motion for an indicative ruling. Federal Rule of Civil Procedure 62.1 allows a court to make an indicative ruling when a party files "a timely motion . . . for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Best Odds did not file any such timely motion for relief. Thus, Rule 62.1 was not applicable.

The parties shall bear their own costs on appeal.

**AFFIRMED.**