**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANHING CORPORATION, a California corporation, | No.   14-56664 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-04348-BRO-JCG |
| v. | |
| VIET PHU, INC., a California corporation and AN N CUONG CO., LTD., a Foreign corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| ANHING CORPORATION, a California corporation, | No.   14-56914 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-04348-BRO-JCG |
| v. | |
| VIET PHU, INC., a California corporation, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Beverly Reid O'Connell, District Judge, Presiding

Submitted October 4, 2016[**]
Pasadena, California

Before: REINHARDT, FERNANDEZ, and OWENS, Circuit Judges.

In No. 14-56664, plaintiff Anhing Corporation appeals from the district court's judgment, after a jury trial, in its trademark infringement action against defendants Viet Phu, Inc., and An N Cuong Co. Anhing alleged that defendants infringed on its red sailing ship mark for Asian food products. The jury found no likelihood of confusion between the parties' marks. On appeal, Anhing challenges several pre-trial rulings.

In No. 14-56914, Viet Phu cross-appeals from the district court's denial of its motion for attorneys' fees and costs under the Lanham Act, 15 U.S.C. § 1117(a).

As the parties are familiar with the facts, we do not recount them here. We affirm in No. 14-56664, and we vacate and remand in No. 14-56914.

1. Anhing argues that the district court abused its discretion in excluding its evidence of damages as a discovery sanction under Federal Rule of Civil Procedure 37(c)(1) for Anhing's failure to disclose its computation of damages as

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). In particular, Anhing challenges the district court's ruling restricting Anhing from contesting Viet Phu's profits and expenses, which was relevant to Anhing's efforts to obtain an award based on disgorgement of Viet Phu's profits. However, the district court reasonably determined that Anhing's failure to provide its computation of damages was not "harmless" as to Anhing's claim for disgorgement of Viet Phu's profits. Fed. R. Civ. P. 37(c)(1). Therefore, the district court did not abuse its discretion in excluding Anhing's evidence of damages as a discovery sanction, including regarding Viet Phu's profits and expenses. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1178 (9th Cir. 2008) ("[W]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." (citation omitted)).

2.      Anhing contends that the district court erred in denying its request for a bench trial because it only sought the equitable relief of disgorgement of profits and an injunction. However, Anhing points to no authority that it had a right to a bench trial. The Seventh Amendment guarantees the right to a jury trial for certain claims, but does not guarantee the right to a bench trial. *See* U.S. Cont. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."); *Beacon Theatres, Inc. v.*

3

*Westover*, 359 U.S. 500, 510 (1959) (noting that "the right to jury trial is a constitutional one . . . while no similar requirement protects trials by the court"). Anhing relies on our intervening decision, after the judgment in this case, which clarified that "[a] claim for disgorgement of profits under [the Lanham Act, 15 U.S.C.] § 1117(a) is equitable, not legal" and "[t]here is no Seventh Amendment right to have a jury calculate profits" to be disgorged. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015). However, in that case the plaintiffs argued that their Seventh Amendment right to a jury trial was violated by the judge calculating profits to be disgorged, not that they had the right to a bench trial. *See id.*

Further, even if Anhing had a right to a bench trial for disgorgement of profits, any error was harmless because the jury did not reach that issue. Contrary to Anhing's contention, the jury's finding that Viet Phu was not liable because there was no likelihood of confusion was not unfairly prejudiced by the evidence and argument regarding Viet Phu's lack of profits. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1192 (9th Cir. 2002) (noting that conduct during closing argument generally "results in a new trial if the flavor of misconduct sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced

4

by passion and prejudice in reaching its verdict" (citation and internal quotation marks omitted)).

3.     Anhing argues that the district court abused its discretion by admitting evidence of Viet Phu's abandoned trademark application. However, the district court did not abuse its discretion in determining that the evidence was relevant to the issue of whether Viet Phu's conduct was "willful," and was admissible subject to a limiting instruction. *See Miller v. City of Los Angeles*, 661 F.3d 1024, 1030 (9th Cir. 2011) (stating that there is a "strong presumption that jurors follow instructions").

4.     Anhing contends that the district court erred in dismissing defendant An N Cuong for lack of personal jurisdiction. We reject Anhing's contention.

The district court properly determined that general personal jurisdiction did not exist because An N Cuong's contacts with California are not "so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). Further, Anhing failed to show an alter ego relationship between An N Cuong and Viet Phu, such that Viet Phu's contacts in California could be imputed to An N Cuong. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070-75 (9th Cir. 2015) (discussing alter ego test).

The district court also properly determined that specific personal jurisdiction did not exist because An N Cuong did not purposefully direct activity towards California. *See Picot v. Weston*, 780 F.3d 1206, 1211-14 (9th Cir. 2015) (discussing purposeful direction test); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) ("The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State.").

Additionally, the district court did not abuse its discretion by denying Anhing's request for further jurisdictional discovery regarding An N Cuong's contacts with California. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("[A] refusal [to grant discovery] is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977))).

5.      On cross-appeal, Viet Phu argues that the district court erred by denying its motion for attorneys' fees and costs under the Lanham Act, 15 U.S.C. § 1117(a). After the district court's decision, we held that, following *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), "district

6

courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional, exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty* [*v. Fantasy, Inc.*, 510 U.S. 517 (1994)], and using a preponderance of the evidence standard." *SunEarth v. SunEarth Solar Power*, Nos. 13-17622, 15-16096, Slip. op. at 5-6 (9th Cir. Oct. 24, 2016) (en banc) (per curiam) (citation omitted).  Accordingly, we vacate and remand for the district court to reconsider its decision in light of *SunEarth*.

**No. 14-56664: AFFIRMED**.

**No. 14-56914: VACATED and REMANDED**.

*Anhing Corp. v. Viet Phu, Inc.*, Nos. 14-56664, 14-56914

**Reinhardt, Circuit Judge, concurring:**

1.  I would reject Anhing's claim that the district court abused its discretion when it excluded evidence pertaining to the amount of damages suffered by Anhing because the jury found no likelihood of confusion between the parties' marks and thus no liability for Viet Phu.

2.  I would reject Anhing's claim that the district court abused its discretion by denying a request for a bench trial because the Supreme Court has rejected a right to a bench trial even where only equitable relief is sought. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 & n.17 (1959) (citing *Hurwitz v. Hurwitz*, 136 F.2d 796, 798-99 (D.C. Cir. 1943)); *cf. Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963).

3.  I fully agree with the majority's disposition regarding Anhing's remaining arguments and Viet Phu's cross-appeal.