**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN J. HURRY et al., | No. 18-15748 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-02490-ROS |
| v. | |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. (FINRA), a Delaware corporation; SCOTT M. ANDERSON, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted July 12, 2019
Portland, Oregon

Before: TASHIMA, GRABER, and OWENS, Circuit Judges.

Plaintiffs John and Justine Hurry and several business entities brought this

action against Defendants Financial Industry Regulatory Authority, Inc.

("FINRA") and Scott Andersen, alleging that Defendants engaged in unlawful

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

behavior arising primarily out of FINRA's investigation of some of the Hurrys' businesses. The district court dismissed most of the claims and later granted summary judgment to Defendants on the remaining claims. Plaintiffs timely appeal, and we affirm.

1. The district court correctly held that regulatory immunity bars many of Plaintiffs' claims, including those claims alleging that Defendants exceeded the scope of their regulatory and investigatory authority. See Northstar Fin. Advisors, Inc. v. Schwab Invs., 904 F.3d 821, 828 (9th Cir. 2018) (holding that we review de novo a dismissal of claims). Defendants are immune for actions taken "under the aegis of the [Securities Exchange Act of 1934's] delegated authority." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1214 (9th Cir. 1998), overruled in other part by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 136 S. Ct. 1562 (2016). That immunity extends to Defendants' investigatory actions. See P'ship Exch. Sec. Co. v. Nat'l Ass'n of Sec. Dealers, Inc., 169 F.3d 606, 608 (9th Cir. 1999) ("Sparta admits of no exceptions: if the action is taken under the 'aegis of the Exchange Act's delegated authority,' the NASD [the National Association of Securities Dealers, FINRA's previous name] is protected by absolute immunity from money damages." (quoting Sparta, 159 F.3d at 1214)); see also id. at 607 (affirming regulatory immunity to the NASD even

2

though the plaintiffs alleged "that the NASD, in its investigatory and administrative actions, went beyond the scope of its authority and ignored its disciplinary authority").

2. The district court correctly dismissed Plaintiffs' claim under the Privacy Act of 1974, 5 U.S.C. § 552a. The Act applies to records of natural persons only, and only natural persons may sue under the Act. St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1373 (9th Cir. 1981). Before the district court, and before us, Defendants argued that Plaintiffs alleged disclosure of records of businesses only. Plaintiffs' failure to respond to that argument constitutes waiver. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007); Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

3. The district court correctly granted summary judgment to Defendants on the leak-related claims. See Buono v. Norton, 371 F.3d 543, 545 (9th Cir. 2004) (holding that we review de novo a grant of summary judgment). Both state-law claims require that Plaintiffs prove that Defendants published a statement. Watkins v. Arpaio, 367 P.3d 72, 77 (Ariz. Ct. App. 2016) (false light); Dube v. Likins, 167 P.3d 93, 104 (Ariz. Ct. App. 2007) (defamation). Viewing the evidence in the light most favorable to Plaintiffs, Plaintiffs have not done "more than simply show that there is some metaphysical doubt as to" whether Defendants leaked information to

3

the reporter. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Even discrediting the direct evidence that an employee of one of the Hurrys' businesses was the reporter's source for nearly all the information, the reporter's source is still unknown. No evidence in the record helps a fact-finder decide whether the source was a FINRA employee, an employee of the Securities and Exchange Commission, or a third party (such as the reporter himself) who obtained the information illicitly or by happenstance. Without any additional evidence, all those options are equally plausible, and only speculation could narrow the source down to FINRA. "Mere allegation and speculation do not create a factual dispute for purposes of summary judgment." Loomis v. Cornish, 836 F.3d 991, 997 (9th Cir. 2016) (alteration omitted) (quoting Nelson v. Pima Cmty. Coll., 83 F.3d 1075, 1081–82 (9th Cir. 1996)). We disagree with Plaintiffs that a reasonable jury could conclude that FINRA engaged in a cover-up with respect to the leaks alleged in this case.

4. The district court did not abuse its discretion by denying Plaintiffs' untimely request for additional discovery. See Martinez v. Aero Caribbean, 764 F.3d 1062, 1066 (9th Cir. 2014) (holding that we review for abuse of discretion a district court's discovery rulings). Plaintiffs waited more than five weeks after

4

both the original deposition and the expiration of discovery before requesting the second deposition, even though the district court had presided over a status hearing in the meantime and had extended the discovery deadline for other purposes.

**AFFIRMED.**