

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL ANDERSON, an individual; et al., | No. 19-35574 |
| Plaintiffs-Appellants, | D.C. No. 1:18-cv-03011-SAB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| UNITED STATES ARMY; UNITED STATES DEPARTMENT OF DEFENSE, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, Chief District Judge, Presiding

Argued and Submitted October 7, 2020
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,[**] District Judge.

Plaintiffs are a group of landowners who sued the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, after a brush fire ignited during an Army training exercise at the Yakima Training Center. The fire spread off base and burned for several days over thousands of acres, damaging plaintiffs' property.[1]

The government moved to dismiss pursuant to the FTCA's discretionary function exception, 28 U.S.C. § 2680(a). In response to the government's motion, plaintiffs sought additional discovery. The district court allowed limited additional written discovery but denied plaintiffs' request to take depositions. The district court granted the government's motion to dismiss, concluding that Commander Mathews' order establishing conditions under which the training could proceed was oral, ambiguous, and uncommunicated. Plaintiffs appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the district court's judgment.

---

[**]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1]     The parties are familiar with the facts and we recount them only as necessary to resolve the issues on appeal.

2

We review the district court's denial of jurisdictional discovery for abuse of discretion. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). We will not disturb the district court's ruling except upon the "clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (citation and internal quotations omitted).

1. Plaintiffs first argue the district court erred by denying certain additional written discovery. Considerable written discovery was produced by the government, but the plaintiffs argue on appeal they were entitled to additional written discovery concerning: (1) fire suppression policies and actions; (2) fire prevention information; (3) information about the Army's failure to warn; and (4) additional internal policies. We conclude the district court did not abuse its discretion by denying additional written discovery. Information about fire suppression policies and fire prevention was already available in the record. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (denying request for additional discovery when "further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction" (citation and internal quotations omitted)). The complaint does not allege a claim for failure to warn nor do plaintiffs argue the government has a duty to provide warnings of training

3

exercises. Finally, the witness statements the plaintiffs refer to do not support the existence of additional undisclosed internal policies.

2. Plaintiffs next argue the district court abused its discretion by denying their request to take the depositions of several individuals, including Commander Mathews, Senior Range Officer (SRO) Holman, Colonel Kuth, and a Fed. R. Civ. P. 30(b)(6) deponent. Likewise, plaintiffs argue the district court abused its discretion by declining to hold an evidentiary hearing.

Before our court, the government conceded that the oral nature of Commander Mathews' order did not render it insufficiently specific for purposes of the first step in the discretionary function analysis. We note that Commander Mathews described his order as "specific" in the first statement he gave to Colonel Kuth during the administrative investigation after the fire. Discrepancies in the witness statements also raise questions regarding the weather and conditions updates Commander Mathews received on the day of the fire. Because the record contains significant inconsistencies between the statements given by the most critical witnesses, plaintiffs are entitled to an opportunity to cross-examine Commander Mathews, SRO Holman and Colonel Kuth. An evidentiary hearing will likely be required to resolve the issues presented by the government's motion. On remand, we leave it to the district court to determine whether depositions of

4

Commander Mathews, SRO Holman, Colonel Kuth, or a government witness under Fed. R. Civ. P. 30(b)(6) would be helpful to prepare for an evidentiary hearing.

**REVERSED AND REMANDED.**

Appellee to bear costs.