NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

SCAP 9, LLC,

                    Plaintiff-Appellant,

    v.

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.,

                    Defendant-Appellee.

No.   23-15627

D.C. No.
3:22-cv-00380-MMD-CLB

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted March 11, 2024
San Francisco, California

Before:  S.R. THOMAS, McKEOWN, and CHRISTEN, Circuit Judges.

SCAP 9, LLC ("SCAP") appeals from the district court's judgment

dismissing its action for alleged injuries suffered as a result of an enforcement

action taken by the Financial Industry Regulatory Authority, Inc. ("FINRA")

against SCAP's affiliate, Alpine Securities Corporation ("Alpine").  We have

jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the grant of a

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

motion to dismiss, and we affirm. *See P'ship Exch. Sec. Co. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 169 F.3d 606, 608 (9th Cir. 1999).

Though SCAP asserts in passing that among the "Issues Presented" in its appeal is whether the district court erred in dismissing its state-law claims, it fails to substantively contest the district court's dismissal of those claims. Because issues "raised in a brief which are not supported by argument are deemed abandoned," SCAP forfeited a challenge to the district court's dismissal of its state-law claims. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (citing *United States v. Loya*, 807 F.2d 1483, 1486–87 (9th Cir. 1987)). We do not countenance FINRA's argument that SCAP likewise forfeited its federal constitutional claims. Although SCAP alleged that FINRA is a private party, it pleaded alternatively that FINRA "is required and obligated to comply with the United States Constitution." *See Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985) (explaining, given "the freedom to plead inconsistent claims provided by [Federal] Rule [of Civil Procedure] 8(e)(2)," that "a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case").

As a securities self-regulatory organization ("SRO"), FINRA is "immune from liability based on the discharge of its duties under the [Securities] Exchange Act" of 1934 ("Exchange Act"). *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1210, 1213 (9th Cir. 1998), *overruled on other*

2

*grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016). As SCAP acknowledges, its allegations arise out of FINRA's "conduct undertaken under the authority delegated to it by the Exchange Act"—namely, sanctions imposed against Alpine after a disciplinary proceeding. *P'ship Exch.*, 169 F.3d at 608 ("*Sparta* admits of no exceptions: if the action is taken under the 'aegis of the Exchange Act's delegated authority,' the NASD [(FINRA's predecessor)] is protected by absolute immunity." (quoting *Sparta*, 159 F.3d at 1214)); *see also Sparta*, 159 F.3d at 1214 (acknowledging that immunity applies to an SRO's "adjudicatory" actions). Immunity therefore bars SCAP's claims.[1]

The district court also properly dismissed SCAP's claims because SCAP lacks a private right of action against FINRA. "[A] party has no private right of action against an" SRO for "actions taken to perform its self-regulatory duties under the [Exchange] Act." *Sparta*, 159 F.3d at 1213 (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 681 (9th Cir. 1980)). SCAP does not substantively address this alternative ground for dismissal, arguing only that it must have a private right of action because it lacks an administrative remedy under the Exchange Act. But whether SCAP has the right to appeal as a "person aggrieved" under 15 U.S.C.

---

[1] SCAP's counsel conceded at oral argument that SCAP only seeks to recover damages. SCAP has never argued that its conclusory requests for injunctive and declaratory relief should be treated differently from money damages for purposes of an immunity analysis. We take SCAP at its word that its suit is limited to money damages.

3

§ 78s is beside the point. Even assuming that SCAP lacks administrative remedies, the fact that some person has been harmed by an alleged violation of federal law "does not automatically give rise to a private cause of action in favor of that person." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1229 (9th Cir. 2008) (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). SCAP has no private right of action to collaterally attack the propriety of FINRA's disciplinary proceeding against Alpine.

**AFFIRMED.**