NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIPPSY, INC., a Delaware Corporation; GENKI ITO, an individual, | No. 24-7587 |
| Plaintiffs - Appellants, | D.C. No. 2:24-cv-04025-ODW-SK |
| v. | MEMORANDUM* |
| TIPSY, LLC, a New York Limited Liability company; AMANDA L. NEVILLE, an individual, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted March 12, 2026**
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON, Circuit Judges.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, Seventh Circuit, sitting by designation.

Genki Ito and his company Tippsy, Inc. (collectively, Appellants) appeal from the district court's dismissal for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we affirm. *See Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023) (citation omitted).

**1.** "When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. . . ." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.,* 905 F.3d 597, 602 (9th Cir. 2018) (citation omitted). "California's long-arm statute . . . is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same. . . ." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (citation omitted).

"For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions for fair play and substantial justice." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citation and internal quotation marks omitted).

**2.** To establish specific personal jurisdiction over a party there must be a showing that: (1) the non-resident defendants (Appellees) purposefully directed their activities at the forum or purposefully availed themselves of the forum, (2)

the claims arise out of or relate to the "forum-related activities," and (3) the exercise of jurisdiction is reasonable. *SuperTECH, Inc. v. My Choice Software, LLC*, 158 F.4th 1005, 1010 (9th Cir. 2025) (citation omitted). Appellants "bear[ ] the burden on the first two prongs." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1087 (9th Cir. 2023).[1]

Appellants assert that the district court erred by not applying the purposeful availment test. But, "[w]here, as here, a case sounds in tort, we employ the purposeful direction test." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (citation omitted). Hence, the district court committed no error in applying the purposeful direction test because a trademark infringement claim "sounds in tort." *Id*. The non-infringement claim is simply the converse of the infringement claim, and maintains the same "tort-like" character. *Impossible Foods*, 80 F.4th at 1088.

"To analyze whether the tort was purposefully directed to the forum state we employ the *Calder*[2] effects test . . ." *Briskin v. Shopify*, 135 F.4th 739, 751 (9th Cir. 2025) (en banc) (citation and internal quotation marks omitted). Under this test, "[t]he defendant must have (1) committed an intentional act; (2) expressly

---

[1] Appellants do not assert general jurisdiction over Appellees.

[2] *Calder v. Jones*, 465 U.S. 783 (1984).

aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods*, 874 F.3d at 1069 (citation and internal quotation marks omitted).[3]

The district court found that Appellees did not "intentionally, willfully, or knowingly" infringe on Appellants' trademark. We agree. Appellants' complaint contains no allegations or facts that Appellees knew of Appellants' existence, their trademark, or their presence in California. The record also indicates that by the time Appellees became aware of Appellants' existence, the Appellees had stopped all sales to California. Thus, Appellants failed to show that Appellees knew harm was likely to be suffered in California. *See id.* Although Appellees sent a cease-and-desist letter to Appellants, generally, "a cease-and-desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter." *Impossible Foods*, 80 F.4th at 1091 (citation and alteration omitted).

Appellants' reliance on *Impossible Foods*, is misplaced because in that case, the "entire course of dealing" was tied to the forum state. *Id.* at 1090. The defendant in that case conducted substantial business within California, engaged in "extensive promotional activities in California," and had "headquarters" in California. *Id.* at 1089-90. By way of contrast, Appellees maintained no physical

---

[3] On appeal, Appellants only challenge the district court's ruling on the third prong of the *Calder* effects test.

presence in California, and less than one-tenth of one percent of its sales were to California residents. Because Appellees caused no infringing foreseeable harm in California, the district court did not err in concluding that Appellants failed to meet their burden of establishing specific personal jurisdiction over Appellees. *See Axiom Foods*, 874 F.3d at 1070-71.

**3.** The district court did not abuse its discretion in denying Appellants' request for additional jurisdictional discovery because "further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Martinez*, 764 F.3d at 1070 (citation omitted). Appellants sought discovery regarding "[t]he identity of Tipsy New York's California licenses importer," the scope of its California sales, whether California consumers purchased through its wine club, and the extent of its marketing to California wine club members. However, as the district court determined, none of this information would alter the fact that Appellees' conduct did not cause foreseeable harm in California. *See id.*

**AFFIRMED.**